Owens v. Hart.

1. Continuance: NEGLECT TO TAKE DEPOSITIONS. Plaintiff had from March to November to take depositions under the order of the court, but she failed to do so, and asked for a continuance for that purpose; but, as she failed to show any good reason why her depositions could not have been taken in time, *held* that the court properly overruled the motion.

*Appeal from Floyd District Court.*

SATURDAY, JUNE, 13.

THIS is an action in equity to set aside a sheriff's sale of certain lands, upon the ground that the sale was made in violation of plaintiff's homestead rights in part of the premises. At the March term, 1884, of the district court, the cause was continued, and it was ordered that the evidence in the case should be taken in the form of depositions. At the November term, 1884, the plaintiff, having failed to take any depositions, moved the court for a continuance of the cause. The motion was overruled, and the petition was dismissed. Plaintiff appeals.

*G. F. Boulton*, for appellant.

*Ellis & Ellis*, for appellee.

ROTHROCK, J.—I.   The cause was in this court at the December term, 1883, on an appeal from an order sustaining a demurrer to the petition.   The ruling of the court below was reversed, and the cause remanded.   See 62 Iowa, 620.   At the March term, 1884, of the court below, the defendant caused the case to be redocketed, and filed an answer.   After the cause was continued, and after the term, the plaintiff, in pursuance of leave given her in the order of continuance, filed a demurrer to the answer.   No effort was made by plaintiff during the vacation to take any depositions.   The demurrer was submitted at the November term, and was sustained as to one of the counts of the answer, and overruled as to the others.

The plaintiff had from March to November to take her depositions and file her evidence sustaining the allegations of the petition.   There was no reason why she should not have prepared her case for trial.   In the motion for continuance it appears that the plaintiff was sick much of the time during the vacation in which the depositions should have been taken. But it does not appear that the evidence could not have been taken without plaintiff's assistance, nor that her presence was at all necessary to enable her counsel to take the evidence.

We are very clearly of the opinion that the court did not abuse its discretion in overruling the motion for a continuance.

AFFIRMED.