VERMILLION ARTESIAN WELL, ELECTRIC LIGHT, MINING, INDUSTRIAL & IMPROV. CO. v. CITY OF VERMILLION.

1.  An objection interposed to a question after a responsive answer has been given, under circumstances from which it is fair to presume that counsel waited for the purpose of ascertaining whether the response by the witness would be favorable, comes too late to make an adverse ruling thereon available error.

2.  The exception to the rule, that witnessess not shown to be experts are precluded from giving their opinions in evidence allows a witness to testify concerning a matter which requires no special knowledge nor peculiar ;skill; and one who observes a stream of water that is being thrown upon a building from an open street may state the approximate height of such stream, although such evidence is not of the greatest probative force, and may be entirely overcome by the cross-examination or by the introduction of accurate information in rebuttal,

3. As it did not sufficiently appear that a certain valve was open when a test was made, nor that an expert knew the pressure under which the pumps were working at a given time, it was not reversible error to sustain an objection to the following question: "State, in your opinion how much water would be discharged from this opening, under a pressure such as was on the pumps at the time this test was made."

4. It is the province of the jury to weigh the testimony, and a verdict sustained by competent evidence will not be disturbed on appeal.

(Syllabus by the Court.    Opinion filed Jan. 12, 1895.)

Appeal from circuit court, Clay county. Hon. E. G. SMITH, Judge.

Action by Vermillion Artesian Well, Electric Light, Mining, Industrial & Improvement Company against the city of Vermillion, S. D., to recover for water rent.    From a judgment in favor of defendant, plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*E. M. Kelsey* and *Gamble & Dillon*, for appellant.

*French & Orvis*, for respondent.

FULLER, J.    This is an action to recover for water rents alleged to be due plaintiff from defendant, upon a contract in the form of a city ordinance, entered into by plaintiff's assignor, S. V. Saleno, and the defendant city, the provisions of which, so far as material, are as follows:    "Said S. V. Saleno shall erect and maintain two duplex pumps of sufficient capacity to throw four one-inch streams through one-inch ring nozzles, 80 feet high, at one time, from any four hydrants located by the city council, provided that not more than two such streams are located on one four-inch line; also lay not less than 5 and 4-5 miles of improved Wyckoff pipe, and such pipe shall be of sufficient size and capacity to furnish and supply all the water necessary for the purposes contemplated, * * * There shall be erected fifty-six fire hydrants, the same to be located by the authority of said city council.    Said city of Vermillion, South Dakota, shall pay S. V. Saleno, or assigns, as they may order, an annual rental in a sum not to exceed $40.62½ for each of said

fifty-six hydrants, said rental to be paid one-half on the first day of January and one-half on the first day of June each and every year. * * * The said S. V. Saleno and assigns shall furnish all applicants water on the lines of street mains, to supply the same in sufficient quantity to meet the demands of each and all such applicants, providing by doing so will not necessitate an increase of size and capacity of system. The said city of Vermillion shall have the right to use, free of charge, at all times, without notice, water from the hydrants for extinguishing of fire, and the use of one stream at a time through a fire nozzle, for flushing gutters and sewers whenever necessary for sanitary purposes, upon giving notice to the person in charge of the waterworks. Notice in writing of the completion of such waterworks ready for use shall be given by said party or assigns to the city auditor, and said city council shall within ten days thereafter cause such works to be tested; and, if the same comply with the conditions and requirements of this ordinance, such works shall be immediately accepted by said city council and such works shall be taken and deemed accepted unless notice in writing to the contrary shall, for sufficient reason, be given by said city council. * * * Said S. V. Saleno, or his assigns shall enter into a bond in the sum of two thousand dollars, to the city of Vermillion, conditioned that they will faithfully carry out the terms of the contract on their part; and, in default of a full performance of the conditions of the contract on the part of S. V. Saleno and his assigns, the city of Vermillion shall declare such bond forfeited, and may recover of the said S. V. Saleno and his assigns all damages and costs occasioned by said failure on the part of said S. V. Saleno." Plaintiff pleads a full performance and compliance with the conditions of the above contract, and demands judgment for $1,137.51, as the stipulated amount to be paid by the city for the use of 56 hydrants for the first six months of the year 1892. The answer admits the execution of the contract, but denies all other averments of the complaint. In addition to a general verdict for

the defendant, the jury found, specially, that, provided that not more than two streams are located on one four-inch pipe, the system of waterworks in question is not of sufficient capacity to throw, at the same time, four one-inch streams of water, eighty feet high, through ring nozzles; that the hydrants and pipes were not at all times between January 1 and July 1, 1892, supplied with water, and in condition for use by the city in case of fire, that during such time citizens of Vermillion, having hydrants on their premises, made application to plaintiff for water to be used for domestic purposes; and that plaintiff did not at all times comply with such requests.   Judgment was accordingly rendered, and plaintiff appeals.

The first assignment of error relied upon by counsel for appellant is the admission in evidence of the testimony of the witness Davenport, in response to the following question, propounded by counsel for respondent: "Q. Were you present at the time the test of these waterworks was made, here in town, on the 22nd day of January? A. Yes, sir. Q. State if you observed any of those streams of water thrown at that time. A. I did,—two of them.   Q. Whereabouts were they?   A. One located at the city hall and the other at the Congregational church.   Q. State how high these streams went, if you can. A. I should judge that the one at the city hall was thrown probably sixty to sixty-five feet." For the purpose of ascertaining the witness' efficiency and means of knowledge, counsel for appellant was permitted at this time to cross-examine the witness in part as follows:   "Q. What means did you use to ascertain the height of the stream?   A. I didn't use anything; only compared it with the height of the building.   I never measured the building.   I don't know how high it is.   Q. You just looked at the stream and guessed at the height, did you? A. Yes, sir." Here an objection to the question was made for the first time, but there appears to be no ruling thereon by the court.   Later the objection was renewed and overruled, and an exception was taken by appellant's counsel.   It is not claimed

that the question was answered before counsel could interpose an objection, on the ground that a proper foundation had not been laid; and, as no motion was made at any time to strike from the record the answer thereto, an objection interposed to the question after the same and numerous other questions had been asked, and without objection answered by the witness, would not, if sustained, be sufficient to withdraw the answer from the consideration of the jury; and the ruling of the court upon appellant's tardy objection would have been without prejudice, even though the question was subject to the objection and the answer thereto was inadmissible. If the preliminary examination of the witness was not sufficient to entitle him to answer the question, the fact must have been apparent to counsel before the witness responded thereto; and an objection interposed to a question, after a responsive answer has been given, under circumstances from which it is fair to presume that counsel deferred his objection, for the purpose of ascertaining whether the response to the question would be favorable or not, comes too late to make an adverse ruling thereon available as error.    Green v. Hughitt School Tp. (S. D. 59 N. W. 224; Wendt v. Railway Co. (S. D.) 57 N. W. 226; Gould v. Day, 94 U. S. 405; 1 Thomp. Trials, 718, and cases cited. Moreover it requires no special knowledge or peculiar skill, beyond the rational power of sight, to testify approximately concerning the height of a stream of water thrown upon a building from an open street; and the evidence of the witness, though perhaps not of great probative force, was admissible for what it was worth to the jury. The exception to the rule that witnesses not shown to be experts are precluded from giving their opinion in evidence allows a common observer to state the results of his observations made at the time, relative to matters concerning which all who have the same opportunity are presumed to possess equal knowledge, and when, in the nature of things, the act cannot be reproduced and made more perceptible to the jury.    Water Co. v. Standart (Cal.) 32 Pac. 532; Com.

v. Sturtivant, 117 Mass. 122; State v. Pike, 49 N. H. 399; Baldwin v. Parker, 99 Mass. 79; I Greenl. Ev. p. 529.

J. K. Barr testified on behalf of plaintiff that, on the day following the test, he discovered an open two-inch valve leading into a sewer at the university; and S. V. Selano, who was called as an expert, was asked the following question: "State, in your opinion, how much water would be discharged from this opening under a pressure such as was on the pumps at the time this test was made." This question was objected to on the ground, among others, that no proper foundation had been laid for it; and the ruling of the court in sustaining the objection is assigned and urged as error. Although in a general way, the witness was shown to be an expert, and competent to testify upon subjects to which the question related, it did not sufficiently appear that the valve was open on the previous day, nor that the witness knew what pressure was on the pumps when the test was made, and, as the question specified no period of time on which to base a calculation of the quantity of water that the valve would discharge, the objection was properly sustained. Counsel for appellant further maintain that the evidence is insufficient to justify the verdict, but a regardful examination of all the evidence before us leads to the conclusion thut such contention cannot prevail.

A substantial compliance with the terms of the contract required plaintiff to erect and maintain a system of waterworks, of sufficient capicity to throw, at the same time, four one-inch streams through one-inch ring nozzles, eighty feet high; and there was competent evidence tending to show a failure on the part of the plaintiff in some material particulars, and as such evidence was properly submitted to the jury, and is sufficient to sustain a verdict for defendant, the judgment entered thereon cannot be disturbed. Since its announcement in Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128, the rule has so frequently been applied by this court that comment is unnecessary; and the judgment is affirmed.