OLSON V. BURLINGTON, C. R. & N. RAILROAD COMPANY.

1. A complaint, charging a railroad company with negligently maintaining a defective coupling-pin hole in a car coupler was amended during trial by striking out "coupling-pin hole" and substituting "link-pin hole." *Held* that, since the amendment did not materially change the issues, there was no error.

2. Admitting in evidence a rough model of a casting resembling a car coupler that caused a personal injury was not error, when the objection thereto was that it was "incompetent and immaterial," as the objection was not sufficiently specific.

3. Plaintiff, in describing how his finger was injured in uncoupling a car from an engine, stated that the "bull nose" of the engine was worn so he could not pull the pin without injury. Whereupon, on being asked, "State how it was," he answered that he did not think that he could have pulled the pin without getting pinched, which answer defendant moved to strike out as incompetent. *Held*, that the question was not clearly irresponsive, and was competent as an opinion.

4. Where a brakeman, after an injury, ceased to work for 39 days, and his pay amounted to $2.05 for every 100 miles which he traveled as brakeman, and his average run per day was 136 miles, testimony as to the number of days that he was unable to work was admissible as a basis for determination of the damages.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Action by E. C. Olson against the Burlington, Cedar Rapids & Northern Railroad Company to recover damages for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed.

*George W. Case*, for appellant.

No appearance or brief filed for respondent.

FULLER, P. J. This is an appeal from an order overruling a motion for a new trial in an action where respondent, a brakeman, recovered $250 damages on account of an injury to his finger caused, it is claimed, by the negligence of appellant in using a defective coupler, or appliance forming a part thereof, attached to one of its engines. Without the aid of an appearance on the part of respondent in this court, the case must be determined upon the abstract and brief of appellant, with such further investigation as we may be able to pursue.

The substitution of "link pin" for "coupling pin" by the way of amendment to the complaint at the trial did not materially change the issues, and, as no prejudice appears to have resulted therefrom, we find appellant's assignment of error presenting the point to be without merit.

Over the objection that it was "incompetent and immaterial," a Janney coupler, with accompanying parts was offered and received at the trial as a means of illustrative vidence; and, concerning the device, respondent testified that it was a rough model of a casting such as caused the injury to his finger. In order to enable counsel to change the form of a question or mode of proof, and make it practicable for the court to rule understandingly, an objection should be so phrased that the attention of both court and counsel is called directly to the exact ground relied upon. Every conception of fairness and the orderly administration of justice suggests that, in open court, suitors should be required to proceed openly; and, to the end that all may be saved from the consequences of latent defects, a party objecting to a question or to evidence must specify the grounds upon which he stands. According to a rule that obtains universally, the general objection that evidence is incom-

petent and immaterial does not sufficiently present a question
for review, when, as in this case, such objection might have
been obviated if pointed out with precision.    Bright v. Ecker,
9 S. D. 449, 69 N. W. 824; Reab v. McAlister, 8 Wend. 109;
Hooper v. Railway Co. (Minn.) 33 N. W. 314; Taylor v. Wend-
ling (Iowa) 24 N. W. 41; Ladd v. Sears 9 Or. 244; Kolka v.
Jones, 6 N. D. 461, 71 N. W. 558; 3 Rice, Ev. 260, and numer-
ous cases there cited to the same effect.    Not only is the fore-
going rule especially applicable to this case, but the engineer
operating the locomotive when the accident occurred testified
on appellant's behalf as follows:  "After this injury occurred,
I examined the tank casting on the engine.    It is a casting
placed on the rear end of the tank, used in coupling.    The
model exhibited is a correct model of the tank casting on the
engine.    It is the same size as the one placed on the engine.
The depth of the model from the top of the link hole compares
with the depth of the tank casting on the engine from the top
to the top of the upper link hole.    I should judge there was no
difference.    I have examined the tank castings, so that I would
know.    I made the examination on the night of the accident,—
immediately afterwards.    I found the casting slightly worn on
the face,—I should judge, about an eighth of an inch; not to
exceed a quarter of an inch, at the outside.    This is, I suppose,
done by the link."

Illustrating by the use of this model, respondent testified
that:  "In making the fly, dropping that car out, and in pull-
ing this pin, the engineer giving me the slack, this being
chipped out and warn out here when he gave me the slack, it
let me back in here, and it pinched off the end of my finger.
By the court:  Now, what was worn out?    A.    The bull nose

of the engine, on the back end. It was rimmed out enough so that there was not room enough for me to pull the pin. I did not have room enough between the Janney and the bull nose. It was worn out where the bull nose struck it. It left a ridge above it, where the bull nose struck it. Q. State how it was. A. I do not think I could have pulled that without being pinched. (Defendant moved to strike out the last answer as incompetent.") The ruling of the court in denying this motion is assigned as error. The question, "State how it was," admits of great latitude; and the answer though not of much probative force, is not clearly irresponsive. If it be treated as the expression of an opinion, no one, in the nature of things, would be able to furnish more accurate information than the man whose finger was pinched. Viewed thus, the matter is brought within the exception to the rule that witnesses not shown to be experts are precluded from giving their opinions in evidence. Vermillion Artesian Well, etc., Co. v. City of Vermillion, 6 S. D. 466, 61 N. W. 802. Moreover, no objection was made to the question, nor is any ground specified in the motion to strike out, and the point is not argued in appellant's brief.

It is next argued that the court erred in permitting respondent to testify as to the number of days that he was unable to work by reason of the injury, but our conclusion is that such evidence went to the true measure of damages, and was very properly admitted. It was undisputed that his average run previous to the accident was 136 miles per day, that his pay was $2.05 per 100 miles, and that by reason of the injury he was unable to work for 39 days, at the end of which time he returned to his duties as a brakeman in the employ of appellant. From this the jury might reasonably infer that

his employment would have continued, but for the injury, without interruption; and the wages actually lost during the 39 days is a matter easy to calculate, upon the basis of an average of 136 miles per day, at $2.05 per 100 miles.

The case cited and relied upon by appellant is an authority in point, namely, Braithwaite v. Hall (Mass.) 46 N. E. 398. the undisputed evidence shows that respondent sustained permanent injury, justifying a verdict for the full amout received. Conflicting testimony as to the negligence of appellant, together with that which it is claimed tends to show contributory negligence on respondent's part, was submitted to the jury under instructions which. on the whole, state the law of the case fully; and of such, appellant has no just cause to complain. From the record, all of which has been carefully considered, we conclude, without further comment, that the case was fairly tried, and the court rightfully overruled the motion for a new trial. The order appealed from is therefore affirmed.