FRANK FLORA AND FRANK TOWNE, CO-PARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF FLORA & TOWNE, v. EMMA L. MATHWIG.

Opinion filed April 14, 1909.

**Appeal and Error — Statement of Case — Specifications of Error.**

1. Whether a verdict is sustained by the evidence or not will not be considered on appeal to this court, in the absence of specifications in the statement of the case of the particulars in which the evidence fails to sustain the verdict.

**Trial — Evidence — Grounds of Objection to be Stated.**

2. Objection to evidence, on the alleged ground that it is incompetent, irrelevant and immaterial is too indefinite in cases where the ground of the objection might be remedied.

**Evidence — Conclusion of Witness.**

3. A question calling for the conclusion of a witness as to what another party understood as to the nature of a transaction is objectionable, as calling for a conclusion not based on facts.

**Objections to Evidence.**

4. Various objections to evidence considered, and *held* to be without merit.

Appeal from District Court, Barnes county; *Burke, J.*

Action by Frank Flora and Frank Towne against Emma L. M. Mathwig. Judgment for plaintiffs. Defendant appeals.

Affirmed.

*J. W. Tilly* and *Herman Winterer*, for appellant. *Lee Combs*, for respondents.

MORGAN, C. J. This is an action upon two promissory notes for the sum of $250 and $55, respectively. As to the latter no defense is made. As to the former the sole defense interposed is that the defendant signed the same as surety, and that the note was signed by her in part payment of certain machinery sold by plaintiffs to one Haessley, and plaintiffs took security from said Haessley upon the machinery, and also took an earnings contract as security for the purchase price, and that the plaintiffs subsequently purchased said machinery from said Haessley and sold the same to a third person, and that the note which she signed as surety was thereby paid, and defendant released from all liability thereunder. The action was tried to a jury, which found a verdict in plaintiff's favor for the

full amount claimed. Defendant made a motion for a new trial, which was denied, and defendant appeals.

It is claimed that the verdict is not supported by the evidence. The record on appeal, as prepared, compels a disregard of this assignment. There is no specification of the particulars in which the evidence fails to sustain the verdict. The statute governing what a statement of the case shall contain provides as follows: "There shall be incorporated in every such statement specification of the particulars in which the evidence is alleged to be insufficient to justify the verdict or other decision, and of the errors of law upon which the party settling the same intends to rely. If no such specification is made, the statement shall be disregarded on motion for a new trial and on appeal." Section 7058, Rev. Codes 1905. The rules of practice of this court as shown by rule 7 (91 N. W. vi) expressly state that such specifications of the particulars in which the evidence is insufficient to justify the verdict are deemed vital parts of every statement of the case. There was no attempt to comply with this statute, or with rule 7 (91 N. W. vi) in this case, and the statement is entirely wanting in specifications of such particulars. Under the express terms of the statute we cannot do otherwise than disregard the statement so far as the specification that it is contrary to the evidence is concerned. There are 74 specifications of error in the statement of the case. Sixty-eight of these relate to the admission or rejection of evidence. The assignments in the brief of the errors relating to the admission or rejection of evidence is in this language: "The court erred in its ruling on the competency and admission of evidence during the trial, as specified in appellant's specifications of error. Abstract, pp. 115-134, folios 454-434, inclusive." The assignments are therefore to be found in about 20 pages of the abstract. In the body of the brief, however, the reference to the abstract is more definite. For instance, the first assignment of error argued or referred to in the brief is prefaced by this statement by the attorney: "We call the court's attention to error of law 4, abstract, p. 115, which appears in abstract, p. 10, folio 36." Turning to the abstract at folio 36, we find the question, the objection, the ruling, and an exception showing what the assignment was based upon. We call attention to this manner of making assignments in the brief as not in accordance with the rules of practice. Rule 14 (91 N. W. viii) states that an assignment of error in the brief must point out the errors objected to in a way as

specific as the case will allow, and only such assignments are to be therein incorporated as the attorney expects to rely upon. This rule further requires that the assignment in the brief shall refer to the page of the abstract where the particular specification is found, and also to the page, or pages, of the abstract on which the matter is found upon which the error is predicated. The assignment itself in this case utterly fails to comply with this rule. By referring to the body of the brief it is possible, however, to find in what part of the record the proceedings on which is predicated the assigned error are to be found. But it should not be necessary to refer to the body of the brief to find where the original exception or objection is to be found. The assignment itself in the brief should state that fact. The object of the rules is to give assistance to the court, and that will be accomplished with the greaest effect by a strict compliance therewith. In this case, however, we have carefully considered the assignments relating to the exclusion or admission of evidence, notwithstanding the failure to comply with the rules. Forty-four of these assignments are based on objections stated to be incompetent, irrelevant, and immaterial. Objections so framed are too indefinite where the cause for objection might be remedied, and are deemed the same as no objection at all. In Kolka v. Jones, 6 N. D. 461, on page 480, 71 N. W. 558, on page 565, 66 Am. St. Rep. 615 the court said: "We have had occasion before to consider the importance of the rule of practice that a mere general objection is not sufficient to raise any question which could have been obviated had it been specifically pointed out, but no case has hitherto arisen in this state calling for its enforcement. We shall in all cases strictly enforce this highly just rule. A suitor should be fairly appraised by the language of the objection or the motion, as the case may be, just what point is made against his evidence, or what defect in proof is claimed by his antagonist, to the end that he may then and there, if possible, save himself from the consequences of error." See also Hogen v. Klabo, 13 N. D. 327, 100 N. W. 847; Olsen v. Burlington, C. R. & N. Ry Co., 12 S. D. 326, 81 N. W. 634. Many of the other assignments are based on objections that the evidence is incompetent, irrelevant, and immaterial, and that the question was leading, or called for a conclusion, or was not proper cross-examination. We have considered these objections and find that no prejudicial error was committed in the rulings. While some of the questions were somewhat leading, no possible prejudice could have

followed the rulings, and the discretion reposed in the trial court in such matters was not abused. The defendant offered in evidence a letter known in the record as "Exhibit 7." That was a letter to the defendant from Reeves & Co., to whom the defendant and Haessley had given a note for $250 of the purchase price of the machinery, which, with the note in suit, made up the total sum for which the defendant signed notes. The offer of the note in evidence was accompanied by an offer to prove by Exhibit 7 that Reeves & Co., understood that the defendant was a surety on that note. An objection to the offer was properly sustained, as it was immaterial that Reeves & Co. understood. The contract was made by plaintiffs and the defendant, and not by Reeves & Co. and the defendant. Even if the offer was material, Exhibit 7 does not tend to show that the defendant signed the note as surety, or that she signed it at all. While Haessley, who purchased the machinery from the plaintiffs and signed all the notes as maker, was under cross-examination, he was asked this question: "So they understood, so far as you know, that you was the owner of the machinery when you purchased it, and she was merely surety." It referred to what the plaintiff thought or understood, and was improper. It did not call for anything that was said or done by plaintiffs, but for the conclusion of the witness as to what the understanding of plaintiff was as to the transaction. In calling for a conclusion of this nature, unaccompanied by anything to show a basis for the witness' conclusion, the objection was properly sustained.

We have examined all other exceptions properly taken, but we find no error in the court's rulings, and the assignments present no questions worthy of consideration.

Judgment affirmed. All concur.