## 9744

### STATE v. HEDGEPATH.

#### (93 S. E. 133.)

1. APPEAL AND ERROR—REVIEW—EXCEPTIONS.—Where an exception is abandoned at the hearing, it cannot be considered by the appellate Court.

2. APPEAL AND ERROR — REVIEW — EXCEPTIONS — EVIDENCE, — Evidence received without objection at the trial cannot be considered on appeal.

Before SMITH, J., Lexington, September, 1916.    Affirmed.

Polly Ann Hedgepath was convicted of grand larceny, and she appeals.

*Mr. C. M. Efird,* for appellant, cites: *As to apparent error in admission of evidence:* 12 S. C. 89; 20 S. C. 581; 27 S. C. 609; 34 S. C. 120; 36 S. C. 506; 39 S. C. 151; 40 S. C. 345; 41 S. C. 522.

*Mr. Solicitor Timmerman* and *Mr. E. U. Shealy,* for respondent.

July 7, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was charged with, and convicted of, grand larceny. It is unnecessary to state the facts, as the exceptions are sufficient to an understanding of this case.

The exceptions are:

"(1) It is respectfully submitted that his Honor, the trial Judge, erred in permitting the following question to be propounded in the reply: 'Q. When he was discussing that matter with you and your husband, did he at any time say anything about giving his wife two $10 gold certificates?' The error being that this was an attempt to contradict the witness, W. O. Hedgepath, upon a declaration alleged to have been made by him for which no ground had been laid in the examination in chief.

"(2) It is respectfully submitted that his Honor erred in permitting the following questions to be asked upon the reply: 'Q. I asked Mr. Hedgepath when on the stand in substance this: If after he had gone in Mr. Suber's store on Sunday night, and the sheriff and Mr. Suber in there, and he looked over the account Mrs. Hedgepath had, that he did not say to you, "Before God I did not know my wife owed Mr. Suber a single cent, and that leads me to believe that there is something crooked;" did he say that?' 'Q. I asked Mr. Hedgepath also when he was on the witness stand if he did not come to your house that same night when you were all at Mr. Suber's store, he recalled the place and the occasion, that he was conversing with you and your wife, if he did not tell you in coming back on the train with his wife the day before or a day or two before that she came to meet him and she told him that she did not have a cent of money at home, and that he found a $10 bill and a $5 bill and some change, and made the remark that if she would lie to him about his money that she would lie to him about your money?' 'Q. I asked him if he did not say in that conversation, I believe it was, that he had thought over the matter, that he had come to the conclusion that he could

not live with his wife because she was not a fit woman to live with and raise his children, or words to. that effect.' The error being that these questions were admitted for the purpose of contradicting the witness, W. O. Hedgepath, on matters immaterial to the issues in the case, were not such as, under the rule of evidence, a witness should be contradicted upon, although admissible on cross-examination."

1  The first exception was abandoned at the hearing, and cannot be considered.

The second exception cannot be considered, as 2  the testimony was received without objection at the trial.

The rules are too well known and too well established to be departed from. Appellant's remedy is not in this department of government.

The judgment is affirmed.