MEEKER et al., Respondents, v. CITY OF MADISON, Appellant.

(164 N. W. 974.)

(File No. 4107. Opinion filed November 12, 1917.)

1. **Appeals—Error—Evidence, Competency—No Objection, Effect.**

   Where, on appeal, the competency of testimony is sought to be argued, but no objection thereto appears of record, such question is not before the Supreme Court.

2. **Evidence—Damages—Improper Relaying of Sewer Pipes, Plaintiff's Statement to Defendant's Foreman—Error Without Prejudice.**

   In a suit for damages involved in alleged improper relaying of sewer pipes by defendant city's employee, testimony of a witness concerning a conversation between plaintiff and said employee to the effect that plaintiff said to him: "You are using too much cement," and that the employee told plaintiff "He was not the boss and for him to keep out of it," was not prejudicial to defendant, even if not properly admissible.

3. **Appeals—Error—No Assignment of Error—Effect.**

   Where on appeal, an alleged error is argued in appellant's brief but without assignment of error in the record, it will not be considered.

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by L. W. Meeker and another, copartners, as Meeker & Dobson, against the City of Madison, to recover upon a contract for constructing sewers. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

See, also, 36 S. D. 256, 154 N. W. 648.

*Chas. J. Porter,* for Appellant.

*Farmer & Blewitt,* for Respondents.

GATES, P. J. [1] This is an appeal from a judgment and order denying a new trial entered upon a retrial of the cause which was before us in 36 S. D. 256, 154 N. W. 648. Reference

is made to that opinion for the facts. The principal question now argued is in regard to the competency of plaintiff Meeker's testimony as to admissions made by one Anderson to him to the effect that in relaying the sewer pipe the city of Madison used a mortar consisting of one part of cement to one part of sand, instead of one part of cement to one and one half parts of sand. These admissions were made during the progress of the work by Anderson who was employed by the city to do the work of putting the mortar into the pipe ends. No objection was taken to this testimony; consequently the question is not properly before us. The only objection offered was in regard to what Meeker told Anderson, and that objection is not argued.

[2] Error is assigned in regard to the admission of the following testimony of Johnson as to the conversation between Meeker and Anderson:

"A. Mr. Meeker said to him, 'You are using too much cement.' Apparently that is the way they spoke it in a way. Anyway, Mr. Anderson told Mr. Meeker that he was not the boss and for him to keep out of it. Those are his words as near as I can remember them."

Clearly no prejudice could result to defendant from the admission of that testimony, even if it were not properly admissible.

[3] Another alleged error is argued in the brief, viz. the absence of the trial judge from the courtroom during the arguments of counsel; but as this was not assigned as error upon appeal, it is not before us for determination. Williams Bros. Lumber Co. v. Kelly, 23 S. D. 582, 122 N. W. 646; McCall v. Crocker, 35 S. D. 600, 153 N. W. 761; Johnson v. Sayer, 36 S. D. 15, 153 N. W. 908.

The judgment and order appealed from are affirmed.