## STATE OF NORTH DAKOTA, Respondent, v. WEBB KEILLOR, Appellant.

(197 N. W. 859.)

**Criminal law — continuance without objection of accused not prejudicial error.**

1. Where during the trial of a criminal cause, an application of the state, the trial is continued from day to day for several days and the jury during such continuances are permitted to go at large, defendant may not after a verdict of conviction urge prejudicial error on the part of the court in granting such continuances, where no objection was made at the time of the trial, and where during the course of the trial, the attention of the court was not called to any alleged prejudicial matters arising by reason of such continuances, although the defendant then had full knowledge thereof.

**Witnesses — accused may be interrogated as to conviction of collateral crime for purposes of impeachment.**

2. Where in a criminal cause a defendant testifies in his own behalf, he may for purposes of impeachment be asked on cross-examination whether he has not been convicted of a collateral crime.

**Witnesses — admission by accused of conviction for collateral crime conclusive.**

3. Where a witness under cross-examination for purposes of impeachment has admitted conviction of a previous collateral crime, such conviction is conclusive and is not open to explanation.

Note.—(2) Right to cross-examine accused as to previous prosecution for, or conviction of crime, for purpose of affecting his credibility, see notes in 62 L.R.A. 345; 6 A.L.R. 1608; 25 A.L.R. 339; 28 R. C. L. 621; 3 R. C. L. Supp. 1586; 4 R. C. L. Supp. 1833; 5 R. C. L. Supp. 1548.

(5) Necessity of objection to improper argument of counsel, see 2 R. C. L. 438; 1 R. C. L. Supp. 538; 4 R. C. L. Supp. 110.

**Criminal law — errors not timely objected to waived.**

4. Where during the course of the trial questions are asked which are subject to objection, the objection is waived by a failure to make it when the error, if any, might have been avoided or corrected.

**Criminal law — judgment not reversed for misconduct of counsel in argument unless timely objected to.**

5. As a general rule a trial court will not be reversed for objectionable language of counsel during argument to the jury not called to his attention by timely objection.

Opinion filed March 13, 1924.

Criminal Law, 16 C. J. § 820 p. 450 n. 85: 17 C. J. § 3328 p. 50 n. 48; § 3332 p. 62 n. 94. Witnesses, 40 Cyc. pp. 2525 n. 19; 2624 n. 71.

Appeal from the District Court of Steele County, *Cole, J.*
Affirmed.

*Charles A. Lyche,* for appellant.

The power conferred by law on trial courts to award new trials was not designed to be a mere formal authority but was intended to guard against the mistakes, passions, prejudices, and ignorance of jurors. The judge has a higher and more responsible duty than to merely record the verdict of the jury. In the true conception of the law, he is to exercise an effective controlling judgment over their verdict. If a judge is satisfied that the verdict is against the weight of the evidence, it is his duty to set it aside and award a new trial; otherwise, the supposed power of the courts over verdicts is a mere mockery. State v. Young, 119 Mo. 405, 34 S. W. 1038; See also State v. Rhoads (N. D.) 118 N. W. 233.

Greater latitude is allowed on motions for new trials on the ground of the insufficiency of the evidence in criminal than in civil cases, and especially so where the evidence of guilt is slight. Williams v. State (Ga.) 11 S. E. 859; Gibbens v. People, 23 Ill. 466.

And where the evidence taken altogether, being contradictory, preponderates against the verdict a new trial should be granted. Faun v. State, 112 Ga. 230, 37 S. E. 378; Reynolds v. State, 24 Ga. 427; Rafferty v. People, 72 Ill. 37; Stout v. State, 78 Ind. 492; State v. Hilton, 22 Iowa, 241; State v. Prendible, 165 Mo. 329, 65 S. W. 559; Territory v. Reuss, 5 Mon. 605, 5 Pac. 885; Crandall v. State, 28

Ohio, 479; Owens v. State, 35 Tex. 361; Fuller v. N. P. Elevator Co. 50 N. W. 359.

The prosecuting attorney should not be permitted to ask a series of improper, incompetent and prejudicial questions, which he knows and has reason to suppose from their character, the court will not permit to be answered. State v. Hazlott, 14 N. D. 490. See 12 Cyc. 572 and cases cited.

The assumption of the existence of damaging facts may be put in the list of questions with such persistency and show of proof as to impress the jury that there must be something wrong. Rogers v. State, 8 Okla. Crim. Rep. 226, 127 Pac. 365; Gale v. People, 26 Mich. 157.

The fact that a witness for the prosecution proves unsatisfactory to the prosecuting attorney confers no right upon the latter to ask him insulting and degrading questions which imply that he is falsifying, or which by implication impute to him a desire to shield the accused and make him appear guilty of perjury. People v. Carr, 64 Mich. 702, 31 N. W. 590; People v. Jansma (Mich.) 147 N. W. 600; Shed v. State (Tex. Crim. Rep.) 153 S. W. 125.

The state's attorney cannot make damaging statements about the defendant of which there is no proof, without suffering the consequences. Coleman v. State (Ala.) 6 So. 290; Hanawalt v. State (Wis.) 24 N. W. 489; Brown v. State, 103 Ind. 133; People v. Mitchell, 62 Cal. 411; State v. Ulrich (Mo.) 17 S. W. 655; Stone v. State (Tex.) 2 S. W. 585.

It is error for the prosecuting attorney, where the accused offers no evidence of character, to comment unfavorably on his character, or to impute to him a character for violence. People v. Smith, 134 Cal. 453, 66 Pac. 669; 12 Cyc. 579, 580.

The failure of counsel to object to an improper address to the jury by the prosecuting attorney will not preclude its consideration on a motion for a new trial, where the prejudicial effect could not have been prevented had the objection been made. Gaunn v. State, 13 Ohio C. C. 116; See also State v. Gutekunst, 24 Kan. 252; Berry v. State, 10 Ga. 571; Martin v. State, 63 Miss. 505, 56 Am. Rep. 812.

*Geo. F. Schafer,* Attorney General, *E. T. Meldahl,* and *P. O. Sathre,* for respondent.

The statute is specific and mandatory that this must be done within

thirty days after the discovery. And therefore the state's attorney would have no right to waive said provision by stipulation, and such stipulation, if made, would be absolutely void. 17 C. J. 149.

The time cannot be extended beyond the period of extension allowed by statute, even by agreement of counsel. David v. State, 146 Ala. 157, 41 So. 298; See also Ballard v. Nashville & K. Co. 28 S. W. 1088; Wolff v. Toepperwein, 28 S. W. 1009.

To constitute misconduct on the part of the prosecuting attorney on the examination of witnesses, the questions must be so far improper that it would amount to an impeachment of the legal learning of the attorney to say that he did not know they were manifestly improper and wholly unjustifiable. State v. Rhys, 40 Mont. 131, 105 Pac. 494.

It is entirely proper to state facts within the issues although such facts also relate to matters outside of the issues. 16 C. J. 899, § 2244.

The argument of the prosecuting attorney wherein he states his relation to organized society and his duty in the prosecution of the case is not erroneous. Gallant v. State, 52 So. 739; People v. Barthlemen, 120 Cal. 7, 52 Pac. 112.

NUESSLE, J. In June, 1923 the defendant was convicted in the district court of Steele county on a charge of possessing and furnishing intoxicating liquors as a beverage. Thereafter he moved for a new trial, which motion was denied. From the judgment of conviction and the order denying the motion for a new trial, he now appeals to this court.

Defendant urges as grounds for a reversal of the judgment of conviction that the evidence is insufficient to sustain the verdict; that there was error resulting in prejudice by reason of the continuance of the case from time to time after the trial had begun; that the jury received out of court communications referring to the case; that the trial court erred in its rulings on questions of evidence; and that the state's attorney was guilty of misconduct on account of his improper examination of witnesses and by reason of making improper and prejudicial statements in his argument to the jury.

We have examined the evidence as disclosed by the record and are of the opinion that it is sufficient to sustain the verdict. A motion for a new trial was made upon this specific ground, and the trial court

who had an opportunity to observe the witnesses as they testified, denied such motion. There is evidence in the record tending to establish that the defendant went to the town of Finley; that he had in his possession certain jugs and bottles; that such vessels contained some liquid; that he either sold or gave some of this liquid to various of the witnesses; that it smelled and tasted like alcohol; that in their opinion if enough of it were drunk it was intoxicating; that the defendant drank of this liquid and that he himself was intoxicated. The defendant admits that he had a jug at the time and place in question, but he says that while he bought, paid for and thought that he was getting alcohol in it that he was the victim of a joke and obtained only water; that water was the only liquid in the jug while it was in his possession; that while the liquid smelled like alcohol that was so because alcohol had previously been in the jug. It is sufficient to say that the jury evidently did not believe defendant's version of the matter, and we think that they were warranted if they saw fit so to do, in returning the verdict of guilty.

The defendant next urges that the court erred to his prejudice in continuing the trial of the case from time to time. It appears that after the jury was impaneled and the trial begun that the state was unable to procure the attendance of certain of its witnesses. Thereupon the court, on the motion of the state and without objection on the part of the defendant, continued the case from day to day for several days until such witnesses were procured. Defendant was at all times represented by counsel whom he himself had employed, and no objection was made to these various continuances. The defendant, having procured other counsel (the attorney for appellant on this appeal had no part in the trial below), now argues that by reason of these various continuances the jury were impressed with the fact that the case was of little consequence; that the jury were permitted to mingle with the people in attendance at the court during the continuances; that they were thereby influenced by the comment and conversation on and relating to the case among outsiders and bystanders; and that as a result the rights of the defendant were prejudiced, and by reason thereof a verdict of conviction was returned. The defendant makes a showing by affidavits of himself and wife to the effect that during such continuances the case was talked about in the presence and hearing of the jurors; and that such jurors heard from various persons statements

with reference to the case. On the other hand, the state obtained and filed the affidavits of each of the jurors who tried the case to the effect that there was no conversation with or in the presence of any of such jurors, and that such jurors did not hear and were not in any way influenced by any such alleged conversations. It is to be noted that the only showing made by the defendant is by affidavits of himself and his wife; that such showing relates to matters and things occurring prior to the verdict, and of which the defendant had full notice and knowledge during the course of the trial; that the defendant was represented by counsel during the trial; that no showing was made to the court at that time as to any of such matters, and that no objection was interposed by the defendant or his counsel to the continuances or any of the things that occurred during the same. The trial judge was of the opinion that the conduct of the trial was proper. The matters now objected to were not called to his attention. This showing on the part of the defendant will not warrant this court in holding that such prejudice resulted as will justify a reversal. State v. Glass, 29 N. D. 620, 151 N. W. 229.

The defendant took the stand in his own behalf. On cross-examination he was asked by the state's attorney if he had not previously been convicted of a violation of the prohibition law. The defendant objected to this question on the ground that the same was incompetent, irrelevant and immaterial. This objection was overruled by the court, and he was required to answer. The defendant now urges error on account of such ruling. We think his contention is without merit. It was permissible for the state on cross-examination to inquire of the defendant for the purpose of affecting his credibility as to whether he had not prior thereto and at a time not too remote been convicted of a collateral crime. This is what the examination in this instance amounted to and nothing more. See State v. Oien, 26 N. D. 552, 145 N. W. 424; State v. Apley, 25 N. D. 298, 48 L.R.A.(N.S.) 269, 141 N. W. 740; State v. Nyhus, 19 N. D. 326 and note at p. 337, 27 L.R.A. (N.S.) 487, 124 N. W. 71; State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052.

Subsequently and on redirect examination, the court refused to permit the defendant to explain the matter of the previous conviction.

We think that the ruling of the court in this respect was proper. To permit an explanation would be to permit an inquiry into a collateral matter that had been judicially disposed of. That issue was not on trial. The judgment of conviction admitted by the defendant was conclusive and the matter was not open to explanation. State v. Kent, supra.

The defendant contends that there was error on the part of the court in permitting counsel for the state to persist in asking improper questions which he insists were leading and prejudicial. He points out many questions asked by the state's attorney and of which he now complains. However, it appears from the record that while the defendant was represented by counsel that in no instance were any of the questions here complained of objected to. The court's attention was not called to the vice of any question, if any there was. The conduct of the examination of witnesses is under the control of and rests largely within the discretion of the trial court. Defendant might have invoked the exercise of that discretion, but did not see fit to do so. If any of the questions complained of were subject to objection, the objection was waived by failure to make it when the error, if any, could have been avoided or corrected. See Thomp. Trials, § 700; State v. Hedgepath, 107 S. C. 433, 93 S. E. 133; Meeker v. Madison, 39 S. D. 401, 164 N. W. 974; State v. Glass, supra.

Lastly, counsel relies for a reversal on the alleged fact that the state's attorney went outside of the evidence in arguing the case and made improper and prejudicial statements to the jury not based upon the evidence. Here also there is nothing in the record to substantiate the defendant's contention. There is no record of any statements made by the state's attorney or of any objection to any statements made by counsel for the defendant. Defendant admits that no record was made of such alleged objectionable matters, and now seeks to establish the same by his own affidavit. If such statements were made by counsel for the state, the attention of the court should have been directed to them at the time, with a proper request that counsel be admonished and the jury be advised by the court that they should disregard such misstatements. Nothing of this sort was done. The defendant may not at this late date predicate error upon them. They were not so prejudicial but that their harmful effect, if any,

might not have been obviated by a proper injunction from the court. We have heretofore held that the trial court will not be reversed for objectionable language of counsel not called to his attention by timely objection. See State v. Stevens, 19 N. D. 249, 123 N. W. 888; State v. Knudson, 21 N. D. 562, 132 N. W. 149; State v. Moeller, 24 N. D. 165, 138 N. W. 981; State v. Glass, supra; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Leach v. Nelson, ante, 538, 196 N. W. 755. See also People v. Fielding, 46 L.R.A. 641 and note (158 N. Y. 542, 70 Am. St. Rep. 495, 53 N. E. 497, 11 Am. Crim. Rep. 88) and Birmingham R. Light & P. Co. v. Gonzalez, Ann. Cas. 1916A, 543 and note (183 Ala. 273, 61 So. 80).

The judgment and order appeal from will be affirmed.

BRONSON, Ch. J., and CHRISTIANSON and JOHNSON, JJ., concur.

Mr. Justice BIRDZELL did not participate.