# STATE OF NORTH DAKOTA, Respondent, v. ED. KING, Appellant.

## (204 N. W. 969.)

**Criminal law — ruling of trial court with respect to propriety of argument of counsel to jury will not be disturbed except for abuse of discretion.**

1. The question of the propriety of argument of counsel to the jury is addressed to the sound discretion of the trial court, and the ruling of the trial court with respect thereto will not be disturbed except in case of abuse of such discretion. The record in the instant case examined and *held*, for reasons stated in the opinion, that there was no abuse of discretion on the part of the trial court.

**Criminal law — if accused testifies, he subjects himself to cross examination and his credibility is subject to attack the same as any other witness.**

2. Where in the trial of a criminal case the defendant takes the stand as a witness, he thereby subjects himself to cross-examination the same as any other witness, and his credibility is subject to attack in the same manner as that of any other witness who may testify. For the purpose of impeachment, inquiry may be made of him as to collateral matters tending to disgrace, degrade or criminate him, and the extent and latitude of such examination is within the sound discretion of the trial court; but such impeaching interrogatories as are put to him should be so framed as to permit of categorical answers, and should not be such as to simply suggest inference, or raise collateral issues for the jury. The record in the instant case examined and the examination complained of, *held*, for reasons stated in the opinion, to be improper and prejudicial.

Opinion filed August 4, 1925.

Criminal Law, 16 C. J. § 2223 p. 887 n. 8; § 2259 p. 910 n. 64; 17 C. J. § 3586 p. 247 n. 82; § 3656 p. 311 n. 22, 23; p. 312 n. 42; § 3666 p. 326 n. 76. Witnesses, 40 Cyc. p. 2475 n. 28; p. 2510 n. 29; p. 2569 n. 19; p. 2627 n. 82, 83.

Appeal from the District Court of Ward County, *Moellring*, J.

Note.—(1) Discretionary power of court as to argument of counsel, see 2 R. C. L. 405; 1 R. C. L. Supp. 525.

(2) General scope of cross-examination of accused, see 28 R. C. L. 445; 3 R. C. L. Supp. 1575.

From a judgment of conviction of robbery and from an order deny-ing his motion for a new trial, defendant appeals.

Reversed.

*Fisk & Nash,* for appellant.

*George I. Rodsater* and *E. R. Sinkler,* for respondent.

NUESSLE, J.   A. O. Hayden, was an old man who lived alone on his farm. He was reputed to have valuables concealed about his house. One night in August, 1923, two men came to the house, forced the door, brutally beat the old man into unconsciousness and robbed him. The defendant, Edward King, was arrested as one of the principals in the crime. He was informed against on a charge of robbery, tried and convicted. He moved for a new trial and the motion was de-nied. He thereupon perfected this appeal to this court from the judgment of conviction and from the order denying his motion for a new trial. In support of his appeal the defendant assigned and relies upon error in the course of the trial, predicated upon the alleged mis-conduct of counsel for the state in his argument of the case to the jury, and upon alleged errors of the court in ruling on objections to the ad-mission of evidence.

The matter on which defendant's first assignment is predicated arose in this wise. During the course of his argument to the jury, counsel for the state referred to the defendant as a "yegg," and among other things said, referring to the defendant, "They come herewith that time worn and last resort of the yegg, and that is an alibi. They come here to prove that which is so easy to prove and so difficult to disprove." Counsel for the defendant objected to the remarks of the prosecutor and took exception thereto. The court admonished the at-torney for the state to confine his remarks to the evidence in the case. Whereupon he proceeded with his argument but reiterated his refer-ence to the defendant as a yegg and said to the jury, "I expect, gentle-men of the jury, to use such terms to characterize the acts of this de-fendant in this case as the facts and circumstances warrant. I expect to use such terms as will thoroughly and completely depict the kind of an act and the kind of a man who will do the kind of an act that this kind of a man has done in this case, and I am going to use those terms. It may be that I am unwarranted. If I am, then I am the sub-

ject of criticism and it is for you to condemn if I am unwarranted in using the language I use. I alone am responsible and I am accountable for what I say. This man goes after this crime has been committed and claims an alibi. That alibi has entirely failed. . . . The men, if you please, who proved or attempted to prove that alibi have perjured themselves, because we have shown that both witnesses when they testified upon this witness stand testified falsely. . . . This man goes, after this crime has been committed and claims an alibi. That alibi has entirely failed. . . . I say to you that a man who will do what this man has done is nothing but a yegg." To this argument, the defendant took exception, and again the court admonished counsel for the state to confine his argument to the evidence in the case, but took no other action. However, in his instructions to the jury, the court said, "If counsel upon either side, during the trial or in the heat of argument, has made statements not warranted by the evidence, you should wholly disregard such statements."

The defendant contends that this argument on the part of counsel for the state was both unfair and intemperate and that it was manifestly prejudicial. It is impossible to mark a definite line between argument justified by a record and that which is not justifiable. Limits cannot be set with mathematical precision. Necessarily, therefore, the matter must be left largely to the sound discretion of the trial court. In this case, the trial judge exercised his discretion both during the trial and later when the motion for a new trial was passed upon by him and denied. The record will not warrant us in saying that there was an abuse of discretion on the part of the trial court. This court in the case of State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052, said, with reference to the right of counsel to comment upon the evidence in argument to the jury:

"He is allowed a wide latitude of speech, and must be protected therein. He has a right to be heard before the jury upon every question of fact in the case and in such decorous manner as his judgment dictates. It is his duty to use all convincing power of which he has command, and the weapons of wit and satire and of ridicule are all available to him so long as he keeps within the record. He may draw inferences, reject theories and hypotheses, impugn motives, and question credibility, subject only to the restriction that in so doing he must

53 N. Dak.—7.

not get clearly outside the record and attempt to fortify his case by his own assertions of facts unsupported by the evidence (citing cases). But this matter is, and of necessity must be, largely within the discretion of the trial court and the action of the trial court should be reversed only in cases of clear and prejudicial abuse of this discretion."

See also State v. Stevens, 19 N. D. 250, 123 N. W. 888; State v. Keillor, 50 N. D. 728, 197 N. W. 859 and cases cited.

The remaining assignments of error upon which the defendant relies have to do with rulings on matters of evidence. During the course of the trial, the defendant took the stand as a witness in his own behalf. On cross-examination he was asked whether he ever had been convicted of crime, and upon answer in the affirmative he was required over objection to disclose the particular offences of which he had been convicted. The objection interposed was upon the ground that the only inquiry permissible was as to whether prior thereto he ·had been convicted of crime and that it was not proper for the state to inquire as to the particular offences. This objection was overruled and the defendant predicates error on such ruling. We think there was no error in this. When the defendant took the stand as a witness he thereby subjected himself to cross-examination the same as any other witness. His credibility was subject to attack the same as that of any other witness who might testify. For the purpose of impeachment, inquiry might be made of him as to collateral matters tending to disgrace, degrade, or criminate him. The extent and latitude of such examination was within the sound discretion of the trial court. This court adopted this liberal rule in the case of Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003. The rule was thereafter followed and approved in the case of State v. Kent, supra, and since that time there has been no divergence therefrom. See State v. Denny, 17 N. D. 519, 117 N. W. 869; State v. Keillor, supra, and cases cited; State v. Kerns, 50 N. D. 927, 198 N. W. 698. In the instant case, however, counsel for the state was not content with the examination just considered, but also offered in evidence the written record of the former conviction. This also was objected to, whereupon the offer was withdrawn. As was said in State v. Malmberg, 14 N. D. 523, 105 N. W. 614:

"Evidence of facts which are material only because they affect the general credibility of the witness, such as previous conviction of crime,

evil associations, and the like, can in general be shown only by cross-examination of the witness, and the examination is concluded by the answers, however false they may be."

Measured by this rule, the written record thus offered was inadmissible and should not have been offered. Though the offer was withdrawn, defendant insists that the effect was as prejudicial as it would have been had the evidence been received. Admitting that this be so, we nevertheless think that there was no reversible error on the part of the state in this instance. The witness had already admitted conviction of the particular crimes inquired about. We cannot see how he could be further prejudiced by offer of the written record establishing the convictions thus admitted.

Defendant further contends that there was prejudicial error on the part of the state by reason of the fact that following the admission of the defendant that he had prior thereto entered a plea of guilty to a charge of carrying concealed weapons, counsel for the state inquired:

Did you, about eight years ago, on the streets of Donnybrook, with a firearm, shoot through the hand of one Maynard? This was objected to as incompetent, improper cross-examination, prejudicial, no foundation laid, and the objection was overruled.

A. I might have. Yes.

Q. Did you, in the month of April, 1920, in a fight which you had with one A. H. Rose, gouge out his eye and destroy his eye? Objected to as incompetent, irrelevant, immaterial, prejudicial, improper cross-examination, there being no foundation laid; and there is no proof of any dispute, or as to identity, or proof of any assault, nor is there a question in this record as to intent or motive.

The Court: Overruled.

A. I don't think I destroyed his eye.

Q. You don't think you destroyed his eye?

A. No sir.

Subsequently, on motion of the defense, the state consenting that it be done, this testimony thus objected to was stricken from the record and the jury were admonished, as well in the charge as during the course of the trial, that they were to wholly disregard such evidence

so stricken. The defendant insists that this testimony so received was wholly irrelevant; that it had no proper tendency to establish the commission of the offence for which the defendant was being tried, and that the questions asked were not proper as impeaching questions. That though subsequently stricken from the record, the effect of the examination remained in the minds of the jury and the defendant could not be otherwise than prejudiced thereby. On the other hand, the state urges that under the rule established in the case of Territory v. O'Hare, supra, and followed in the cases heretofore cited, the state was at liberty to inquire as to any collateral matters which might tend to disgrace or degrade the witness. That the inquiries here complained of were within the rule and that in any event since the testimony so elicited was stricken from the record and the jury admonished to disregard the same, there could be no prejudicial error.

We think that the following language used in the case of State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052, is pat in the instant case.

"There are reasons why we think this cross-examination improper as affecting the credibility of the witness. The insinuating style of questioning in which ` the prosecution indulged should never be permitted for this purpose. That method of examination does not affect the credibility of the witness, because it neither shows him to be untruthful nor necessarily of bad moral character. The rule in these cases is somewhat strict, and necessarily so, because it is dangerous ground. . Injustice may be done if the rule is relaxed. Where a cross-examiner seeks to impair the credibility of a witness by proof of collateral crimes, he should be confined to specific acts. He may ask the witness whether or not he committed the act, or whether he has been convicted thereof or imprisoned therefor. But, manifestly, the interrogatories should be so framed as to permit the witness to admit or deny the act itself. He should not, for impeachment purposes, be asked questions which simply suggest inference. It has repeatedly been held that a party could not be asked whether or not he had been indicted for a particular offense on the ground that an indictment did not prove guilt (citing cases). For the purpose of proving the commission of the crime for which a party is being tried, any evidence is proper that raises a legal inference, or makes it probable

that the crime was committed by the accused. Not so, however, where it is sought to show a collateral crime to affect credibility. That issue is not on trial, and the jury must not be called upon to investigate it."

See also State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71. In the instant case, the form of the questions objected to, and which the witness was compelled to answer, was such that the answers if truthful, needs must be in the affirmative. While the inquiries were as to particular acts, those acts might or might not have been criminal. The inference intended to be drawn was that they were criminal. To permit the defendant to show that they were not criminal, if such was the case, and it must be presumed they were not, could only result in a detailed collateral investigation. To refuse the defendant the right to such explanation would be manifestly unjust. We are forced to the conclusion that the objections as interposed by the defendant were well grounded and should have been sustained. Such being the case, there remains the question as to whether the objectionable matter having been stricken from the record there was, nevertheless, a resulting prejudice to the defendant. We are forced to the conclusion that there was. The testimony had been received. The jury heard the witness make the admissions. The testimony being stricken there was not even an opportunity for explanation. The avowed purpose of the examination was to discredit the witness. There can be little doubt but that it had that effect. By his order, the court might strike the testimony from the record but he could not obliterate it from the memories of the jury. Practically, though stricken from the record, it could not be disregarded. We think in this respect there was prejudicial error which compels a reversal. The judgment of conviction must therefore be reversed and a new trial ordered.

BIRDZELL, BURKE, and JOHNSON, JJ., concur.

CHRISTIANSON, Ch. J., (dissenting). In my opinion no prejudicial error was committed. The judgment of conviction should be affirmed.