[Cr. File No. 124.]

STATE OF NORTH DAKOTA, Respondent, v. MABEL DINGER, Appellant.

(260 N. W. 251.)

Opinion filed April 2, 1935.

*G. W. Twiford* (on appeal only), for appellant.

*Robert W. Palda,* for respondent.

MORRIS, J. The defendant appeals from a judgment of conviction upon a charge of engaging in the liquor traffic and from an order over-ruling the defendant's motion for a new trial. Two witnesses, Harvey Rice and Al Root testified to purchasing alcohol from the defendant. Both were under-cover men employed by the State Beer Commissioner. The complaint was sworn to by Harvey Rice. Upon cross examination by defendant's counsel, the Court permitted these witnesses to be interrogated thoroughly regarding all of the circumstances surrounding the purchase of the liquor, alleged in the complaint. Many questions were put to these witnesses testing their memory as to the description of the place operated by the defendant and the conduct of the witnesses in and about the place at the time the liquor was purchased. The record shows that the two witnesses called at the Dinger place about 8:30 a. m. April 11th, and shortly thereafter purchased the liquor in question. Defendant's counsel sought to cross examine witnesses as to their whereabouts prior to 8 o'clock on the morning of April 11th. The Court sustained objections based on immateriality to this and similar questions. The defendant contends that she is entitled to ask such questions in order to test the memory of the witnesses. A witness may be interrogated on cross examination for the purpose of testing the accuracy of his recollection. The extent to which such cross examination may be permitted rests largely in the discretion of the trial court. In this case the record shows that the defendant's

counsel was permitted wide latitude in the cross examination of the witnesses with regard to details surrounding the crime, and that after the ruling complained of, the defendant was permitted to test the memory of the witnesses by inquiries along other lines. There was no abuse of discretion on the part of the trial court in sustaining the objections complained of.

The defendant contends the court erred in sustaining the objections to certain questions designed to test the credibility of the witnesses. Particular stress is laid upon the following:

Q. "Mr. Rice, on or about May 2nd did you swear to a complaint against one Fylken charging him with the violation of the liquor law?

Mr. Palda: "That is objected to as immaterial.

The Court: "Sustained.

Q. "And at the—about the same time did you swear to complaints against Jack Suto and one Hodgins, charging them with the violation of the liquor law?

Mr. Palda: "That is objected to as incompetent, irrelevant and immaterial, and highly prejudicial.

The Court: "Sustained.

Mr. Palda: "I ask the Court now to caution the jury and to warn counsel not to persist in asking such questions.

Q. "Mr. Rice, do you consider the matter of making an oath against one, charging him as a violation of the liquor law, a serious affair, or just an ordinary affair?

A. "Yes, I do.

Q. "How do you consider it?

A. "Why, it is a serious affair.

Q. "Isn't it a fact that this affidavit that you made against Fylken, charging him with violation of the liquor law, was false?

Mr. Palda: "That is objected to as incompetent, irrelevant and immaterial, highly prejudicial.

The Court: "Sustained. And the Jury will disregard the question. Inasmuch as the Court has sustained the objection you have no right to draw any inference one way or the other from the questions propounded by counsel.

Q. "Isn't it a fact that after you had made an affidavit charging one

Hodgins with violating the prohibition law that you swore you couldn't identify him?

Mr. Palda: "The same objection as last above.

The Court: "Sustained.

Q. "Wasn't it true that after you made an affidavit against Jack Suto, charging him with engaging in the liquor traffic, you said you couldn't identify him?

Mr. Palda: "The same objection as last above.

The Court: "Sustained."

Counsel for the defendant cites the case of State v. Kent (State v. Pancoast) 5 N. D. 516, 67 N. W. 1052, 35 L.R.A. 518, in support of the general proposition that witnesses may be cross examined as to collateral matters which tend to disgrace or degrade a witness. This case holds, however, that the interrogatories must be so framed as to permit the witness to admit or deny the act concerning which the inquiry is made. The questions cannot be framed in a suggestive or inferential manner.

The rule which permits cross examination of a witness on collateral matters in order to test the credibility, is an exception to the broad rule of materiality. In this case the questions asked by defendant's counsel are insinuating and suggestive. As an illustration this question, "Isn't it a fact that this affidavit that you made against Fylken, charging him with violation of the liquor law, was false?" assumes as a fact that an affidavit was made by the witness, a matter which was not in evidence. Furthermore, an affirmative answer would not have established a criminal act on the part of the witness nor would it necessarily have tended to degrade him. If a false affidavit was made willfully and intentionally, it would have one effect, while if it was made by mistake, but with truthful intention, the effect would be altogether different. Should the witness have been required to answer and should he have answered in the affirmative, the State would have been entitled to explain in detail the execution of the affidavit. This would have been entirely a collateral matter outside the issues of the law suit. The court properly limited the cross examination by sustaining the objections. State v. King, 53 N. D. 95, 204 N. W. 969; People v. Arrighini, 122 Cal. 121, 54 P. 591; State v. Schonberg, 24 N. D. 532, 140 N. W. 105.

One of the grounds upon which a new trial is sought by the defendant is newly discovered evidence. The showing made consists of two affidavits by Fred L. Anderson, a Justice of the Peace of Ward County, which set forth conflicting testimony given by the witnesses Rice and Root in the case of State v. Butler, and also conflicting testimony given by these same witnesses in the case of State v. Jackson. This testimony was given at preliminary hearings in each instance. Both were liquor cases. The defendant in each case makes an affidavit to the effect that the testimony of Root and Rice was willfully false. The testimony set forth in these affidavits deals entirely with collateral matters. Had this evidence been produced at the trial it would not have been admitted over proper objection. Newly discovered evidence must be competent and material. The evidence set out in these affidavits is clearly incompetent and immaterial, and therefore, does not constitute grounds for a new trial.

Affirmed.

BURKE, Ch. J., and CHRISTIANSON, BURR, and NUESSLE, JJ., concur.