[File No. Cr. 133.]

STATE OF NORTH DAKOTA, Respondent, v. KARL KIRSCH, Appellant.

(268 N. W. 473.)

Opinion filed July 15, 1936.

*E. A. Weston,* for appellant.

*P. O. Sathre,* Attorney General, *A. R. Bergesen,* State's Attorney, and *Roy K. Redetzke,* Assistant State's Attorney, for respondent.

NUESSLE, J.   The defendant was convicted on a charge, under § 10145b24, 1925 Supplement, of engaging in the liquor traffic. Thereafter he moved for a new trial.   The motion was denied.   Whereupon he perfected the instant appeal.

The facts are substantially as follows:   On March 14, 1933, Karl Kirsch the defendant, Mike Walsh, John Flom, Swede Olson, and another man, unloaded a box car which stood on a railroad siding in Fargo.   The freight thus unloaded consisted of a large number of 55

gallon steel containers. These containers were black with yellow ends. Outwardly they were all alike. They were unloaded, 19 into a Chevrolet truck, 29 into a closed van, and the remainder into another van. After they were thus unloaded the defendant drove the Chevrolet truck and its load away. A short distance from the place of unloading, he was seen by the sheriff of Cass county and two of his deputies who drove up in an automobile. They were suspicious of the defendant and his load so they followed him for some distance. They finally drove along side of the truck, told him they were from the sheriff's office, and ordered him to stop. He paid no attention to this command but hastened on his way. He failed to observe the stop sign on an arterial highway and drove on through. The officers again ordered him to stop but he did not. Some blocks further on he suddenly stopped, took the ignition key, leaped from the truck, ran down the street and in between some houses situated thereon. The officers ordered him to halt but he did not. They pursued but were unable to find him. Thereafter, so far as the record shows, he was not seen again in Fargo until in December, 1934, when the sheriff of Cass county arrested him as he stepped from an incoming train when it stopped at the Fargo station.

After the defendant abandoned the truck, the officers took it in charge. When examined the containers were found to contain potable alcohol. At the trial of the case the state introduced evidence showing the defendant did not own the truck in question and that it was at that time subject to mortgage.

The two vans into which the remainder of the carload was loaded were also driven away from the siding. The van containing the 29 containers was driven by John Flom to the Stenberg farm some distance north of Fargo and there unloaded. After this was done the driver returned with the van to Fargo. At the direction of Swede Olson who had accompanied him, he followed a different route from that which he had taken on the way out. A short distance from the farm where the containers were unloaded, the van was met by an automobile driven by the defendant. The van stopped after some conversation between the driver and Olson. The latter left the van, got in with the defendant and the automobile drove away. On these facts the jury returned a verdict of guilty of the offense of engaging

in the liquor traffic by transporting liquor in a conveyance not owned by him, such conveyance being then and there subject to mortgage, under section 10145b24, 1925 Supplement. Thereafter the defendant moved for a new trial, which motion was denied. He then perfected the instant appeal, grounding the same on error claimed because of rulings on matters of evidence, because of the argument of the state's attorney to the jury, and by reason of instructions given by the court to the jury.

The defendant first insists that the court erred in admitting testimony concerning what took place when the defendant met the van as it was returning from the Stenberg farm to Fargo and the conversation then had between Swede Olson and the driver of the van.

It seems to us that the state's evidence showing that the defendant met the van and that Olson left it and rode away with him was properly admissible in evidence. The record discloses that Olson and the defendant were engaged with others in unloading the containers from the box car. The containers in the Chevrolet truck contained alcohol. The defendant, followed by the officers, refused to stop until he could stop and escape. He ran, eluded the officers, and thereafter, apparently knowing where Olson had gone with the loaded van, sought Olson and drove away with him. Certainly all of these circumstances were relevant to the issue on trial. See State v. Heaton, 56 N. D. 357, 217 N. W. 531. With respect to the conversation had between Olson and the driver of the van, the record discloses that no objection was made to the admission of the testimony at the time it was received. Thereafter, however, certain questions seeking to elicit testimony of similar import were objected to. These objections were sustained and the testimony thus elicited was stricken out. So there was no error in these respects of which the defendant can now complain.

Tom Walsh, one of the men who was with the defendant when the box car was unloaded, was called as a witness for the state. On cross-examination he was asked whether he knew that intoxicating liquor was contained in the containers when they were unloaded. He answered that he did not. He was then asked, "As far as you know, all the men around the car considered that it was roofing cement?" and he answered "Yes, sir." On motion of the State this answer was ordered stricken from the record as being the conclusion of the witness.

Apparently the answer was given before an objection to the question could be interposed. Clearly the question was subject to objection on the ground that it called for a conclusion and the ruling of the court in striking the answer was correct. Flora v. Mathwig, 19 N. D. 4, 121 N. W. 63.

When the state's attorney made his opening statement to the jury, counsel for the defendant objected to any argument that might be made regarding a carload of alcohol on the ground that there was no evidence to show that there was such a carload. The record fails to show the opening statement or what argument was in fact thereafter made. But it is clear to us that on the facts as heretofore stated the inference might reasonably be drawn that all of the containers unloaded from the box car were filled with alcohol. Those that were in the truck driven by the defendant were, and while there is no direct proof as to the contents of the others, they were in the same box car, a part of the same shipment, and the containers were identical in appearance. With respect to this and similar contentions of the defendant in this case, what we said in State v. King, 53 N. D. 95, 204 N. W. 969, is applicable here: "It is impossible to mark a definite line between argument justified by a record and that which is not justifiable. Limits cannot be set with mathematical precision. Necessarily, therefore, the matter must be left largely to the sound discretion of the trial court. In this case the trial judge exercised his discretion both during the trial and later when the motion for a new trial was passed upon by him and denied. The record will not warrant us in saying that there was an abuse of discretion on the part of the trial court." See, also, State v. Kent (State v. Pancoast) 5 N. D. 516, 67 N. W. 1052, 35 L.R.A. 518.

At the conclusion of the argument, counsel for the defendant objected to statements made by the assistant state's attorney relative to the conversation that took place near the Stenberg farm beween Swede Olson and the driver of the van and also to his statement that the defendant had protected Olson. The court's ruling on these objections was to sustain them "on any matters on which arguments have been made not borne out by the testimony." These objections were made after the arguments were concluded. There is nothing in the record other than the objections and the ruling to show what in fact was said by the state's attorney. This being so and the matter having been

urged before the trial court on motion for a new trial, which was denied, we must hold that no error has been established. State v. King, supra. See also State v. Keillor, 50 N. D. 728, 197 N. W. 859, and cases cited.

Again at the conclusion of the argument counsel for the defendant stated: "I want the record to show that the State's Attorney referred to the fact that the evidence in this case was not contradicted, which we maintain is commenting on the fact that the defendant does not take the stand or put in witnesses to contradict the proof." The state's attorney countered: "I want the record to show that there was no such inference or such thought in the statement made by counsel, and that the only reference to such fact is the reference made by counsel himself." Further than this the record is silent as to the argument that was made and to which the defendant took exception. So it is impossible to say that there were any improper and prejudicial remarks on the part of the state's attorney. State v. King, 53 N. D. 95, 204 N. W. 969, supra; State v. Keillor, supra; State v. Moeller, 24 N. D. 165, 138 N. W. 981. And see also in this connection, State v. Dodson, 23 N. D. 305, 136 N. W. 789.

Finally, the defendant insists that the statute, § 10145b24, Supplement, is unconstitutional in that with respect to the portion thereof making the transporting of liquor a felony, it reads: "Provided, however, that if the evidence in such case convinces the court that the person convicted of transporting intoxicating liquors in violation of this act, was in charge of and used any . . . automobile . . . or conveyance, not owned by him or without permission of the owner, or when such vehicle or conveyance so used was mortgaged property . . . , he shall be deemed guilty of a felony. . . ." His contention in this regard is that this statute deprived him of the right to have an essential element of fact determined by the jury, that the provision "if the evidence in such case convinces the court" contemplates that the judge and not the jury shall pass upon this question of fact.

Of course the defendant was entitled to a trial by jury on all questions of fact, § 7, North Dakota Constitution; Power v. Williams, 53 N. D. 54, 205 N. W. 9; State ex rel. Kortgaard v. Patterson, ante, 555, 267 N. W. 438, 105 A.L.R. 1107. And if the statute requires the judge and not the jury to determine this essential matter of fact, it is

vulnerable to the defendant's challenge. But the trial judge took the view that though the statute speaks of "the court," nevertheless the term "court" is used therein in the sense of the judge and jury and that therefore the jury must pass upon the matter under appropriate instructions. Accordingly he so instructed the jury and left the question to them for determination.

We hold that the trial court's view of the matter was right. The statute must be given a constitutional construction if it is possible to do so. The term court is frequently used in the broad sense of judge and jury. We must presume that the legislature so used it in framing this statute. See Fye v. Chapin, 121 Mich. 675, 80 N. W. 797; People ex rel. Choate v. Barrett, 56 Hun, 351, 9 N. Y. S. 321; People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L.R.A. 193; 15 C. J. p. 716, et seq., and cases cited.

The order appealed from must be and is affirmed.

BURKE, Ch. J., and BURR, CHRISTIANSON and MORRIS, JJ., concur.