BRISTOL & SWEET CO., A CORPORATION, v. LOUIS SKAPPLE, E. I. MONTGOMERY AND JOHN MONTGOMERY, CO-PARTNERS, DOING BUSINESS AS SKAPPLE & MONTGOMERY.

Opinion filed March 19, 1908.

**Partnership — Evidence — Burden of Proof.**

1. Action to recover the purchase price of goods sold and delivered to the copartnership of S. &. M., at Wales, N. D., of which it is alleged the respondent was a member. By the separate answer and stipulation of respondent, all questions were eliminated, except the single one whether he was a member of such copartnership. Defendant, both by his answer and the stipulation, contended that there were two distinct firms at Wales doing business under said copartnership name, and that he was not a member of the firm with which plaintiff had its dealings. *Held* that, by thus narrowing the issues, the burden of proof as to the only remainining issue was not shifted from plaintiff to said defendant; hence the trial court's charge as to the burden of proof was correct.

**Appeal and Error — Harmless Error — Burden to Show Prejudice.**

2. Appellant has the burden of showing that errors committed in rulings sustaining objections to the admissions of testimony were prejudicial. Certain rulings of this character considered, and *held* not prejudicial.

**Witnesses — Questions Involving Conclusions.**

3. A witness was asked in substance if defendant did not at a certain interview with plaintiff's collector treat the claim made by such collector as a claim against the firm of which he was a member. Such question did not call for an answer as to a fact, but merely a conclusion; and hence the objection on such ground was properly sustained.

**Appeal — Verdict — Abuse of Discretion.**

4. Evidence examined, and *held* sufficient to support the verdict. Where the trial court has been asked and has refused to disturb the verdict upon the alleged ground that the same is not supported by the evidence, this court will not reverse such decision, except in a clear case of abuse of discretion.

Appeal from District Court, Cavalier County; *Kneeshaw*, J.

Action by the Bristol & Sweet Company against Louis Skapple and John Montgomery. Verdict for Montgomery; and, from an order denying a new trial, plaintiff appeals.

Affirmed.

*W. A. McIntyre (Turner & Wright*, of counsel), for appellant. *Dickson & Johnson*, for respondent Montgomery.

FISK, J. Action to recover the purchase price of certain harness sold to the copartnership of Skapple & Montgomery, located at Wales, N. D. The sale is admitted, and also the price; and the

sole question on the trial was whether defendant John Montgomery was a member of said firm, and hence liable as a partner. It was the contention of the defense that there were two distinct firms at Wales doing business under the name of Skapple & Montgomery, one of which was engaged in the harness business and the other in the farm machinery business, respondent being a member only of the latter, while Skapple and the respondent's son, E. I. Montgomery, composed the members of the former concern. This issue was submitted to a jury, and, a verdict having been returned in respondent's favor, a motion for a new trial was made and denied, and from the order denying the same this appeal was taken. Appellant has set forth seven assignments of error, which will be disposed of in the order presented in the brief.

1. It is contended that the trial court committed error in sustaining defendant's objection to the following question asked the witness Skapple: "Tell the jury what consideration and all considerations you gave John Montgomery for the return of that note." The objection was that the question called for the conclusion of the witness, and also that it was incompetent, irrelevant, and immaterial. Whether such ruling was proper or not is immaterial. If error, the same is not available to appellant, as there was no offer of proof, and this court cannot assume that the answer would have been favorable to the plaintiff; hence prejudice is not shown. Madson v. Rutten, 16 N. D. 281, 113 N. W. 872. Furthermore, the record discloses that almost immediately after such ruling was made the witness, in fact, fully answered such question without objection, and on cross-examination of this witness the fact was developed that the entire negotiations respecting this note were had with Eli Montgomery, instead of the respondent, and the effect of such cross-examination was that the witness gave respondent John Montgomery no consideration whatever for the return of said note. This furnishes another reason why such ruling, if error, was not prejudicial.

Assignments 2 and 3 will be considered together. These relate to the rulings in sustaining defendant's objection to the question: "Did John Montgomery, at this time, treat the claim made by the harness man [plaintiff's collector] as a claim against the firm of Skapple & Montgomery?" and in striking out the witness' answer, "Yes," to said question. Also in sustaining defendant's objection to the following question: "Did John Montgomery in any manner make any denial that he was liable on the bill?" These assignments are wholly without merit. The question clearly called for con-

clusions of the witness, and the objections thereto were therefore properly sustained. Fields v. Copeland, 121 Ala. 644, 26 South. 491.

The fourth assignment is sufficiently answered by what we said relative to the first assignment; and hence need not be further noticed.

Assignment 5 relates to the ruling of the lower court in sustaining defendant's objection to the following question, and in striking out the answer thereto: "Q. Were these [meaning the book accounts, notes, and bills receivable] turned over to Eli Montgomery, or were they turned over to Eli and John Montgomery? A. Turned over to Eli and John Montgomery." Just prior to this the witness swore that they were turned over to Eli; but in answer to such leading question he changed his testimony as above stated. The apparent object of this testimony was to show John Montgomery's connection with the harness business, as tending to show that he was as claimed by plaintiff, a partner in such business. The same witness in his previous cross-examination testified as follows: "I testified on direct examination that John Montgomery got the harness for that $600 note. The harness goods were delivered when we took stock. John Montgomery wasn't there. Q. You stated on direct examination that the harness goods were delivered for that $600 note, did you not? A. No, sir; not the fall when I got back the $600 note again. Q. These harness goods were delivered to him? A. Or do you mean in the spring when I got the note that the harness goods were put up in security? Q. Didn't you testify that John Montgomery got the harness goods for that $600 note? A. Yes. Q. When did you deliver these harness goods to him? A. Why, the harness goods were delivered when we took stock. Q. Delivered to whom? A. It was in the same building, that is was before, when I run it independent. Q. And John Montgomery wasn't there? A. No, sir. Q. And that is what you mean by the harness goods having been delivered to John Montgomery, is it? A. Yes." It is apparent that this witness was either badly confused regarding the fact, or else that he willfully and deliberately falsified in giving his testimony. Having positively testified to turning said accounts and notes over to Eli, we think the court was justified, especially in view of the apparently reckless manner in which this witness had given his prior testimony, in sustaining the objection of defendant's counsel to the foregoing question upon the ground stated in the objection thereto, which was that the subject-

matter embraced in this question had already been testified to by the witness.

Assignment No. 6 relates to the instruction to the jury as to the burden of proof; the court charging, in effect, that the burden was on plaintiff to establish its alleged cause of action. It is contended by appellant's counsel that inasmuch as the sale and delivery of the goods by plaintiff to the firm of Skapple & Montgomery was admitted and also the price thereof, and that there were two firms by that name at Wales, N. D., and that respondent admitted in his answer that he was a member of one of such firms, that the burden shifted to him to prove that he was not a member of the firm which purchased such goods. In this we think counsel are clearly in error. There is nothing either in the answer or stipulation to sustain such contention. By the stipulation the issues were narrowed down to the single question as to whether defendant John Montgomery was a partner in the firm which purchased the goods. Both by the answer and stipulation this was the sole issue to be tried. The burden of proving this issue was in no manner changed by the elimination through the stipulation of the other issues in the case. The admission in respondent's answer that he was a member of a firm of Skapple & Montgomery at Wales does not aid appellant's contention, for the very obvious reason that such admission is coupled with an allegation that there were two firms by that name doing business at said place, and denying that said defendant was a member of the firm which dealt with plaintiff. The facts alleged in the answer merely amounted to a general denial of the allegations of the complaint, and not new matter by way of confession and avoidance of such allegations, as appellant's counsel seem to think. The instruction complained of was clearly correct.

The seventh and last assignment of error challenges the sufficiency of the evidence to support the verdict. We have examined the evidence with much care, and are agreed that it was amply sufficient to sustain the verdict. It would serve no useful purpose to review such evidence at length in this opinion. The trial judge refused to disturb the verdict on such ground, and it is well settled that, in the absence of a clear abuse of discretion, his decision will not be reversed on appeal. Gull River Lumber Co. v. Elevator Co., 6 N. D. 276, 69 N. W. 691.

Finding no prejudicial error in the record, the order appealed from is affirmed. All concur.