STATE OF NORTH DAKOTA, Plaintiff and Respondent, v. W. H. FURY, Defendant and Appellant.

(205 N. W. 877.)

**Bastards — complaint in statutory form held sufficient in proceeding under Uniform Illegimacy Act.**

1. A complaint in the form prescribed by § 10,483, Comp. Laws 1913, is sufficient in a proceeding under the Uniform Illegitimacy Act, chapter 165, Sess. Laws, 1923, where the defendant tenders issue by a written answer, and the proceedings had are on the theory that the Uniform Act applies, and are in accordance with its requirements.

**Bastards — bastardy proceedings may be brought on complaint of mother of child born within ten months subsequent to dissolution of marriage to another than alleged father.**

2. A proceeding may be brought under the Uniform Illegitimacy Act, chapter 165, Sess. Laws, 1923, on the complaint of the mother of a child born to her within ten months subsequent to the dissolution of her marriage to another than the alleged father.

**Bastards — presence of alleged illegitimate child in courtroom held not prejudicial error.**

3. Where in the trial of a proceeding under the Uniform Illegitimacy Act, chapter 165, Sess. Laws, 1923, the mother of the child has it with her in the courtroom, without objection to its so being there on the part of the defendant, there is no prejudicial error by reason of the fact that the state for the

---

Note.—(1) Sufficiency of complaint in bastardy proceedings, see 3 R. C. L. 757.

(5) As to competency of women to testify to nonaccess of husband, see annotation in 2 L.R.A.(N.S.) 619; L.R.A.1916B, 1053.

purpose of establishing the fact of the child's birth, inquires of a witness as to whether the child is the child born to the mother.

**Witnesses — witness may be impeached on cross-examination by inquiries as to collateral facts tending to incriminate, disgrace or degrade him.**

4. A witness may be impeached on cross-examination by inquiries as to collateral facts tending to incriminate, disgrace or degrade him, and where such an inquiry is as to previous conviction on account of a criminal offense, it is not confined to conviction for felony.

**Witnesses — both husband and wife held competent witnesses to establish illegitimacy of child born subsequent to dissolution of marriage.**

5. Under § 4422, Comp. Laws 1913, providing that "The presumption of legitimacy can be disputed only by the husband or wife or the descendant of one or both of them. Illegitimacy in such case may be proved like any other fact," both husband and wife are competent as witnesses to establish such illegitimacy.

Opinion filed November 2, 1925.

Bastards, 7 C. J. § 73 p. 973 n. 30; § 106 p. 986 n. 24; § 140 p 1000 n. 54. Witnesses, 40 Cyc. p. 2222 n. 3; p. 2560 n. 19; p. 2622 n. 60.

Appeal from the District Court of Nelson County, *Cole,* J.

From a judgment against him under the Uniform Illegitimacy Act, and from an order denying his motion for a new trial defendant appeals.

Affirmed.

*Frich, Roberts & Burke,* for appellant.

*Ingman Swinland,* State's Attorney, for respondent.

NUESSLE, J.   On February 6th, 1924, the complainant, Emma Johnson, then an unmarried woman, made complaint that the defendant, Fury, was the father of a bastard child, born to her on January 10, 1924, and prayed issuance of a warrant for the arrest of the defendant that he might answer to the charge. A warrant was issued and the defendant arrested. The defendant made written answer denying the paternity of the child, if one had been born. After examination he was held for trial in the district court before a jury. On trial the defendant was found to be the father of the child and judgment was entered against him accordingly. Thereafter he moved for a new trial.

The motion was denied. The cause is now in this court on appeal from the judgment as entered and from the order denying defendant's motion for a new trial.

The record discloses the following facts. The complainant was married on February 21st to one Oscar Johnson. They lived together as husband and wife for a short time. Then they separated and the complainant, leaving her husband, went to live with her parents in another community. In March or April, 1923, Johnson began an action for divorce. A divorce was granted in July, 1923. On January 10, 1924, a child was born to complainant. Called as witnesses in the instant case, both Johnson and the complainant testified that they had not seen each other later than October, 1922. At that time, Johnson endeavored to procure the complainant to return to him and live with him as his wife, but she refused. Johnson thereafter secured employment during the months of March and April, 1923, in Aneta, the town where the complainant then lived. The child born to complainant, was a normal, full term child, and in the usual course of nature must have been begotten in March or April, 1923. The complainant charges that the child was begotten by Fury in April, 1923.

On this appeal the appellant urges numerous grounds for reversal. The first is predicated upon his contention that the complaint is not sufficient. The complaint is in the form prescribed by § 10,483, Comp. Laws 1913. The old bastardy statute, chapter 5, of the Code of Criminal Procedure, §§ 10,483–10,500, Comp. Laws 1913, was superseded by the Uniform Illegitimacy Act, chapter 165, Sess. Laws, 1923. This act must control the present proceeding. See § 37 thereof. The proceeding was instituted by the mother of the child. Though in the form contemplated by the old statute the complaint contained all the allegations required by the Uniform Act. The defendant made written answer. All the subsequent proceedings had were on the theory that the Uniform Act applied and were in accordance with its requirements. The defendant's contention as to the insufficiency of the complaint cannot be sustained.

The defendant next contends that under the provisions of the statute, the child born to the complainant was legitimate since it was begotten during wedlock and born within ten months after the dissolution of the marriage between complainant and Oscar Johnson. Therefore, says

he, since the Uniform Act relates only to children born out of wedlock and not legitimated, the proceeding was improperly brought. The statute, § 4420, Comp. Laws 1913, provides that all children born in wedlock are presumed to be legitimate; Comp. Laws 1913, § 4421, provides that children of a woman who has been married born within ten months after the dissolution of the marriage are presumed to be legitimate children of that marriage; and § 4422, Comp. Laws 1913, makes the presumption of legitimacy disputable. In the instant case the complainant was married when the child was begotten, but the marriage had been terminated prior to its birth. The child was born within ten months thereafter. Under the terms of the statutes presumptively it was legitimate. But such presumption was disputed. The purpose of such a proceeding is to charge the father with the support of the child, thus lightening the burden of the mother and absolving the state from liability for its care. The child was not born in wedlock, nor, if the allegations of the complaint be established, was it legitimate or legitimated. It necessarily follows that the provisions of the Uniform Act are applicable.

While the state was presenting the case to the jury, the physician who attended the mother at confinement, was called as a witness. This witness was asked whether the child which the complainant then had in her arms in the courtroom was the child born to the complainant. The defendant now complains because the child was in the courtroom during the trial and the inquiry above referred to concerning it was then made. So far as the record shows the child was not exhibited to the jury nor was any further or other reference made to it. There had been no objection on the part of the defendant to the presence of the child in the courtroom. It was there in the care of its mother. The inquiry was only for the purpose of establishing the fact of birth. There was no error in this respect. See Benes v. People, 121 Ill. App. 103; State v. Stark, 149 Iowa, 749, 129 N. W. 331, Ann. Cas. 1912D, 362; Johnson v. State, 133 Wis. 453, 113 N. W. 674.

During the course of the trial a witness who was called on behalf of the defendant was asked on cross-examination whether she had not been convicted of a violation of the prohibition law and was not under suspended sentence on account of such conviction. To this question objection was interposed on the ground that the cross-examination was im-

proper, and the inquiry incompetent, irrelevant and immaterial. The objection was overruled and the witness being required to answer, did so in the affirmative. Defendant urges that the conviction, at most, was for a misdemeanor only, that it did not involve moral turpitude, and, therefore, the inquiry was improper. This court, long ago, adopted the liberal rule that a witness may be impeached on cross-examination by inquiries as to collateral facts tending to incriminate, disgrace, or degrade him. See Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Kent (State v. Pancoast) 5 N. D. 516, 35 L.R.A. 518, 67 N. W. 1052; Schnase v. Goetz, 18 N. D. 594, 120 N. W. 553. See also State v. King, ante, 95, 204 N. W. 969 and cases cited. The examination complained of was within the rule and there was no error in the court's ruling.

The defendant further complains because on one or two occasions during the course of the trial, the trial judge interrogated the witnesses then under examination. Defendant's contention is that this was improper, in that it tended to evidence an undue interest on the part of the trial judge in the prosecution and was prejudicial to the defendant. We are of the opinion that there is no merit to this contention. A trial judge should be more than a mere referee whose duty it is to see that the trial is conducted strictly according to rules to the end that the more skillful contestant may prevail. It is always proper for him to bring to light such facts as may disclose the merits and justice of the cause or defense, provided only that he does this in a proper manner and without violation of any of the rules of evidence. Here the record discloses no bias, undue interest, or misconduct. The presumption is that the court's action was occasioned by a sense of duty, that it was actuated by proper motives and properly conducted. See Buchanan v. Occident Elevator Co. 33 N. D. 346, 157 N. W. 122.

Lastly, and chiefly, the defendant predicates error on account of the ruling of the court in permitting, over his objection, both the complainant and her former husband, Oscar Johnson, to testify as to the nonaccess of Johnson to the complainant subsequent to the month of October, 1922. Defendant insists that it appears that they were husband and wife up to the month of July, 1923; that the child born to the complainant was a full term child; that it was begotten during the months of March or April, 1923; that during these months both com-

53 N. Dak.—22.

plainant and Johnson lived in the same community; that though they were living apart access under these circumstances must be presumed; that notwithstanding the provisions of § 4422, Comp. Laws 1913, both husband and wife were incompetent to testify to the fact that they were not living together as husband and wife and that no act of intercourse which might result in the conception of the child had taken place between them during that time; that public policy and the canons of decency and morality closed their mouths to any denial of the legitimacy of the child thus born to the complainant; that while under the statute, § 4422, illegitimacy may be proved like any other fact, yet it must be proved by evidence competent under the rules of the common law, and under the common law, both complainant and her former husband were incompetent as witnesses and their evidence in that behalf was incompetent. This contention of the defendant is the crux of the instant appeal. If it be sustained and the evidence thus objected to be held incompetent, there is nothing wherewith to sustain the verdict.

The question thus presented is one novel in this jurisdiction and of some difficulty. There is no want of authority to sustain the defendant's position if no regard be paid to the statutes of North Dakota. See Dennison v. Page, 29 Pa. 420, 72 Am. Dec. 644; Re Mills, 137 Cal. 298, 92 Am. St. Rep. 175, 70 Pac. 91; Evans v. State, 165 Ind. 369, 2 L.R.A.(N.S.) 619, 74 N. E. 244, 6 Ann. Cas. 813; Wigmore, Ev. § 2063 et seq.; Jones Ev. § 96, et seq.; 2 Greenl. Ev. § 150, and cases cited in these authorities. We have heretofore adverted to §§ 4420, 4421, and 4422 of the Civil Code, Comp. Laws 1913. In addition, § 7935 and 7936 of the Code of Civil Procedure, Comp. Laws 1913 must be noted. These several sections read as follows:—

Section 4420. "All children born in wedlock are presumed to be legitimate."

Section 4421. "All children of a woman who has been married born within ten months after the dissolution of the marriage are presumed to be legitimate children of that marriage. A child born before wedlock becomes legitimate by the subsequent marriage of its parents."

Section 7935. "The following presumptions and no others are deemed conclusive: . . .

"5. The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate."

Section 7936. "All other presumptions are satisfactory, if uncontradicted. They are denominational disputable presumptions, and may be contradicted by other evidence."

"The following are of that kind: . . .

"31. That a child born in lawful wedlock, there being no divorce from bed and board, is legitimate."

Section 4422. "The presumption of legitimacy can be disputed only by the husband or wife or the descendant of one or both of them. Illegitimacy in such case may be proved like any other fact."

Do these statutes abrogate the common-law rule that husband and wife are incompetent to testify as to matters tending to establish the illegitimacy of a child born to the wife during the continuance of the marriage. We should have no difficulty in answering this query in the negative were it not for § 4422. This section declares who may dispute the presumption recognized in §§ 4420, 4421, and 7936, subject, however, to the limitations imposed by § 7935. It amplifies and makes certain the implication of § 7936. But § 4422 does not stop when it has declared who may dispute the presumption. It goes farther, and by its last sentence provides how it may be disputed: "Illegitimacy in such case may be proved like any other fact." It seems to us obvious that this provision was aimed directly at the incompetence of the husband and wife, and that the legislature intended thereby to render them competent, subject only to the conclusive presumption of § 7935. To hold that this is not so, is to hold that these words are wholly redundant and meaningless; vagrant words, strangers to the rest of the section. Were it otherwise there would be no necessity for them, for the presumption could be disputed in accordance with the prevailing rules of evidence. Section 4422 was adopted from the original Field Civil Code, wherein it appears as § 76. At the time the Field Code was prepared and submitted the common-law rule as to the competency of husband and wife to testify to the illegitimacy of children born during the continuance of the marriage was in effect in New York. See Ratcliff v. Wales, 1 Hill (N. Y.) 63, wherein it is said: "In bastardy cases where the mother is a married woman it has been uniformly held that the wife was not a competent witness to prove the nonaccess of the husband . . . ," citing among other cases, Goodright ex dem. Stevens v. Moss, Cow. pt. 2, p. 594, 98 Eng. Reprint, 1258, 11 Eng. Rul. Cas.

518, wherein Lord Mansfield first enunciated the rule. See also Chamberlain v. People, 23 N. Y. 85, 80 Am. Dec. 259. The codifiers must have known of the rule, and knowing it, must have intended to abrogate it. It is not necessary here to comment on the history or philosophy of the common-law rule. It is worthy of note, however, that under our statute there could be no reason for the rule on the grounds of interest, coverture, or privilege. See Comp. Laws 1913, §§ 7871 and 7923. It follows that the rulings complained of in permitting the witnesses, Johnson, to testify, were correct. The testimony being admissible the questions as to its weight and credibility were wholly for the jury. If the jury saw fit to believe these witnesses, the evidence was amply sufficient to sustain the verdict as returned.

The judgment and order appealed from should be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and JOHNSON, JJ., concur.