CAPITAL TRANSPORTATION COMPANY *v.* ALEXANDER.

4-9558                                         242 S. W. 2d 833

Opinion delivered October 22, 1951.

420

*Bailey & Warren,* for appellant.

*L. A. Hardin,* for appellee.

GEORGE ROSE SMITH, J. This is a suit for personal injuries sustained by the appellee while attempting to alight from a city bus operated by the appellant in Little Rock. In the court below the appellee obtained a verdict and judgment for $1,348.

This is the plaintiff's version of the accident: On the afternoon of January 18, 1949, she rode one of the defendant's buses on her way home from work. When the bus stopped at Sixteenth and High streets plaintiff attempted to leave by the rear door. This door is usually held rigidly shut by air pressure and can be opened only if the bus driver releases the air by operating a lever at his seat in the front end of the bus. When the pressure is released the door hangs in a slack position and can be pushed open easily by passengers.

In trying to leave the bus the plaintiff pushed against the door, but it would not open. The driver called to her several times, saying, ''Push, push,'' and while the plaintiff was doing so the door opened and she fell to the ground, suffering a fractured wrist and other injuries. This evidence is not uncontradicted, but the jury were justified in believing that the accident happened in this manner.

The bus company first argues that the plaintiff "did not prove her case by a preponderance of the evidence." It is not our function to weigh the testimony in common law cases; the verdict must be sustained if it rests upon substantial evidence. Here the proof is of that character. The mechanism controlling the rear doors of the appellant's buses must evidently not be released while a passenger is pushing strongly against the door, else there is danger of an occurrence like that of which the appellee complains. Obviously a passenger can almost never be in a position to offer proof of the exact instant at which the bus driver pulled the lever at his end of the vehicle. The issue was properly submitted to the jury, who were at liberty to infer that the proximate cause of the accident was the driver's negligence in releasing the air pressure while the plaintiff was vigorously pushing against the door in obedience to the driver's directions.

The other grounds for reversal have to do with the giving and refusal of instructions. At the defendant's request the court gave two general instructions on the subject of contributory negligence, both of which told the jury that the plaintiff was not entitled to recover if her own carelessness contributed in the slightest degree to the cause of her injuries. The appellant insists that the court should also have given three other instructions on the subject, which would respectively have told the jury that (a) the plaintiff's failure to use the hand supports at the door may have been contributory negligence, (b) her failure to abandon the rear door and leave by the front door may have been contributory negligence, and (c) her exertion of more force against the door than was necessary may have been contributory negligence. The court modified the third of these instructions, to permit the jury to consider the bus driver's directions that plaintiff push against the door; the other two instructions were refused.

We think the court acted correctly in the matter. The issue of contributory negligence had been fully covered by general instructions, and the court was not required to over-emphasize this defense by devoting a sep-

arate charge to each act that might be thought to amount to negligence. The case is similar to *Dunman* v. *Raney*, 118 Ark. 337, 176 S. W. 339, which was an action by a patient against a physician for malpractice.. In addition to general instructions on the issue of contributory negligence the defendant requested two instructions detailing specific conduct that might amount to such negligence. We held that the requests were properly refused as being abstract and also as being sufficiently covered by the instructions given. Here the requests were not abstract, but they were adequately covered by the rest of the court's charge. Of course counsel were free to, and doubtless did, bring these matters to the jury's attention during the argument of the case.

Appellant also objects to the plaintiff's principal instruction, which summarized her theory of the case and submitted the main issues to the jury. The instruction is said to be abstract, but we are not told in what particular and do not find it subject to this objection. It is also argued that here too the court should have incorporated the various specific acts that might constitute contributory negligence, but for the reasons already given we think it was enough for the court to refer to this defense in general language.

Affirmed.

WARD, J., dissents.

PAUL WARD, J., dissenting. In my opinion the lower court committed reversible error in failing to give appellant's requested instruction No. 9.

In appellant's amended and substituted answer, it was stated: "She (appellee) failed to use the hand supports which are for the use of passengers leaving through the rear door of the bus." Appellant's superintendent testified as follows: "We have a number of vertical stanchions around that door, but the main hand hold is a vertical stanchion that is fastened to the bottom just

immediately in front of the rear door which would be to the passengers left.''

As indicated above appellant requested but the court refused to give the following instruction:

''You are instructed that if you find that plaintiff failed to use the hand supports provided at the rear exit of the bus for the use of passengers in departing from said bus and that a person of ordinary care and prudence would have used these hand supports, and that the failure to use said supports on the part of the plaintiff resulted in her falling from the bus and receiving injuries alleged in her complaint, then you should find for the defendant, Capital Transportation Company.''

The court gave no other instruction covering the matter mentioned above. It is conceded that the court did give proper instructions on the general law of contributory negligence. From 38 Am. Jur. 1071, under the heading of ''Instructions to Jury,'' we quote as follows:

''The court should, however, clearly and concisely define the issues as presented by the pleadings and the proof, and state the correct principles of law applicable thereto as defined in the foregoing discussion of the substantive law of negligence. The particular matters to be covered in the instructions depend upon the *issues joined by the pleadings and supported by the evidence; they should cover all the issues that are properly raised for determination.*''

In the case of *St. L. & S. F. Ry. Co.* v. *Crabtree,* 69 Ark. 134, 62 S. W. 64, involving a railroad crossing accident, it was testified by the plaintiff that he stopped, looked and listened and the court instructed the jury properly that it was his duty to do so. The defendant requested that the court instruct the jury that it was the plaintiff's duty to look in both directions but the court refused. This court held this constituted reversible error, using this language: ''It is therefore error for the trial judge to refuse to give a specific instruction correctly and clearly applying the law to the facts of the case, even though the law is in a general way covered by the charge

424

given, unless the court can see that no prejudice resulted from such refusal.''

In the case of *Hamilton-Brown Shoe Co.* v. *Choctaw Mercantile Co.*, 80 Ark. 438, 97 S. W. 284, although the facts were different the same rule was applied by the court in these words:

''It is error to refuse to give a specific instruction correctly and clearly applying the law to the facts of the case even though the law in a general way is covered by the charge given, unless it appears that prejudice has not resulted.''

I am not willing to say that no prejudice resulted to appellant because of the court's failure to give instruction No. 9. The better view is that expressed by the court in *Western Coal & Mining Co.* v. *Buchanan,* 82 Ark. 499, at p. 503, 102 S. W. 694, where the court said:

''It cannot be said in this case that no prejudice has resulted because appellant's whole case in concrete form has not gone to the jury, and it is impossible to tell what weight the jury would have given to appellant's testimony unless it was fairly submitted for their consideration under appropriate instructions. The court has no discretion to withhold instructions appropriate to any theory of the cause sustained by competent evidence.''

The case of *Nebraska Underwriters Ins. Co.* v. *Fouke,* 90 Ark. 247, 119 S. W. 261, involved the question of negligence in using a blow lamp or torch to remove paint from a dwelling. The evidence showed that it was on a windy day and the court refused an instruction embodying that element. This court held this failure on the part of the lower court to give such instruction was error, using this language:

''The refused instruction was a specific one; no other was given on the subject, and it was prejudicial error to refuse it. The court gave general instructions to the effect that the defendant would be liable if the fire resulted from the use of the blow lamp, and the employee failed to exercise care in its use; the plaintiff was entitled to have a specific instruction on the subject.''

An instruction much like the instruction No. 9 requested by appellant herein was given and approved by this court in the case of *Missouri Pacific Transp. Co.* v. *Robinson,* 191 Ark. 428, 86 S. W. 2d 913. The court's language at page 430 and 431 is as follows:

"In the instant case the court instructed the jury that, if the plaintiff failed to exercise ordinary care to use the appliances furnished by the carrier, and such failure to use ordinary care caused or contributed to the cause of the injuries to the plaintiff, injuries of which the plaintiff complained, then she could not recover." The word "appliances" used above referred to "hand holds" that passengers might take hold of in alighting or boarding the bus.