Anna KILLMER, Plaintiff and Respondent,

v.

Bruno DUCHSCHERER, Defendant and Appellant.

No. 7471.

Supreme Court of North Dakota.

Oct. 26, 1955.

Heringer & McClintock, Rugby, and W. R. Spaulding, Towner, for defendant and appellant.

Waldron & Kenner, Minot, for plaintiff and respondent.

JOHNSON, Judge.

This is an action for damages resulting from an accident that occurred on the evening of August 11, 1951, at approximately 9:30 p. m. while the plaintiff was standing near or behind a stalled automobile on United States Highway Two in Pierce County, North Dakota, at a point about two and one-half miles west of the junction of Highways Two and Three.

The defendant was driving east on Highway Two in a 1950 International three-quarter ton truck. He struck the plaintiff and she was seriously injured.

The plaintiff alleges that the defendant negligently and carelessly drove and managed his motor vehicle in the following respects, to wit:

1. At excessive speed;

2. Without keeping the proper lookout;

3. Failing to exercise due caution;

4. Without keeping the motor vehicle under proper control;

5. Without giving warning of approach;

that by reason of his negligence the defendant rammed, bumped and tossed the plaintiff into the air and against the stalled automobile; that his negligence was the direct and proximate cause of the injuries received by the plaintiff; that she received injuries to her head, body, arms, legs, feet and hips and was crushed, bruised, lacerated and injured "internally and externally", and that such injuries are of a permanent and lasting nature. She requested damages, both general and special.

The defendant answered denying generally the allegations made by the plaintiff and asserted affirmatively that he drove his truck at a speed of less than 50 miles an hour; and that as he approached a point about 2¼ miles west of the intersection of Highways Two and Three, he noticed a car approaching from the east going west, and just as he passed this vehicle he suddenly came upon a vehicle that was stopped on Highway Two in the defendant's lane of traffic, without any lights or warning signs that were visible to the defendant whatsoever; and that as the defendant pulled out to the north in order to avoid colliding with said vehicle, he noticed several persons standing near to the rear of said parked vehicle who had obstructed the view of the taillights of said vehicle, if any taillights were burning at said time;

that he felt a slight jar to his truck; that he stopped immediately and upon investigation noticed that a woman was lying on the pavement in a position thereon adjacent to the bumper of the parked car that he had just passed; that this woman was later identified as the plaintiff in this action; that at the time the accident occurred the plaintiff was standing on the pavement of Highway Two in a position to the rear and directly north of the vehicle that was parked on the highway, and that she saw or should have seen the defendant's vehicle approaching from the west; that she saw or should have seen other cars approaching from the east, just prior to the accident; that she was warned by others standing behind and adjacent to the car that was parked, not to stand on the highway and to get off the pavement, but that notwithstanding said warnings the plaintiff carelessly, negligently and recklessly continued to stand on the highway, knowing and realizing that she was in peril and her life was in danger; that she did not exercise ordinary care, caution, or prudence in the premises to avoid the accident and the resulting injuries, and that the injuries and damage sustained by her, if any, were proximately contributed to and caused by her failure to exercise ordinary care, caution and prudence.

The case was tried to a jury and resulted in a verdict in favor of the plaintiff. The defendant made a motion for judgment notwithstanding the verdict or for a new trial. Judgment was entered on the verdict. The defendant appeals from the judgment and the order denying motion for judgment notwithstanding the verdict or for a new trial.

The defendant lists seventeen alleged errors of law and asserts three reasons why the evidence is insufficient to sustain the verdict. For convenience they are grouped as follows:

1. Denial of motion for dismissal made by the defendant at the end of the plaintiff's case and again renewed after both parties had rested, and denial of a motion for a directed verdict

made by the defendant after both parties had rested, based on the insufficiency of the evidence.

2. Permitting cross-examination under the statute of the defendant concerning Exhibit No. 1, a purported plat of the scene of the accident, which, however, was not in shape to be admitted in evidence and which was not admitted.

3. Recalling defendant's witness, Sheets, for further cross-examination after the defendant had rested, and examination of such witness with reference to an offense of reckless driving and permitting L. A. Koons, Police Magistrate of Rugby, North Dakota, in rebuttal, to testify concerning the conviction and sentence imposed.

4. Failure of proof as to a specific allegation in the complaint as to the location of the plaintiff on the highway at the time of the accident.

5. Failure to give five requested instructions for the defendant, and failing to give any instruction relevant to the duty of the plaintiff at the time and scene of the accident.

6. Denial of the defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial.

We will first consider the alleged insufficiency of the evidence.

The defendant asserts:

1. That the plaintiff failed to prove by fair preponderance of the evidence that the defendant was guilty of negligence; that there is no competent evidence showing excessive speed, lack of proper control of the truck, lack of keeping proper lookout, or any other wrongful act upon the part of the defendant, and no competent proof that he has violated any traffic law or been guilty of any misconduct.

2. That the plaintiff was guilty of contributory negligence as a matter of law in that she voluntarily placed herself on the main traveled highway in the night without any necessity therefor and without keeping any adequate watch for her safety and that under circumstances which necessarily contributed to and were responsible for her injuries.

3. That the evidence conclusively shows that the presence of the car in which the plaintiff was riding, together with Sheets' car upon one side of the road, with the plaintiff standing near the center of the road, and with a car coming towards the defendant, created a hazardous condition and an emergency, and that the defendant acted as a reasonable and prudent man might in such emergency, while the plaintiff had voluntarily helped to create the emergency by wholly failing to act as a reasonable and prudent person would in the light of such hazardous condition and emergency.

The defendant has abandoned the specifications of error with reference to plaintiff's Exhibit 1.

For a better understanding of the facts, we set them forth. At about 9:30 p. m. on August 11, 1951, the plaintiff, with five other persons, was riding as a passenger in the 1938 Chevrolet driven by her brother-in-law, Marvin Bjoraa, who was on his way from Minot to Rugby on Highway Two. At approximately two and one-half miles west of Rugby, Mr. Bjoraa's car was struck from behind by a car driven by John Sheets. The impact between Mr. Bjoraa's car and that of John Sheets caused Bjoraa's car to leave the highway and come to rest on the south side of the south ditch of the hard surfaced highway. The Sheets' car came to a stop just east of the Bjoraa car with two wheels on the blacktop and the two right wheels on the graveled shoulder of the road. After the collision Sheets got out of his car and all the occupants of the Bjoraa car got out and came towards the stalled car of Mr. Sheets, and stood near his car in the ditch or on the shoulder of the pavement, either to the rear or north of

Sheets' car. The evidence is in conflict as to the exact location of the plaintiff at the time of the accident between the defendant's truck and the plaintiff. Most of the witnesses place the plaintiff to the rear of Sheets' car. One of them locates her five or ten feet behind the car, standing partly on the pavement and partly on the gravel. Another places himself six feet behind the car, towards its south side, and puts her directly north of himself on the pavement. Still another witness locates her to the rear and about three feet north of the Sheets' car, but does not state how far to its rear she stood.

There is some testimony indicating that the plaintiff and others on the pavement were warned to stay off the pavement and to keep out of danger. The testimony is in conflict as to whether or not this was directed specifically to the plaintiff. At the time of the accident the defendant was driving his truck with the lights on dim. At about the time of the accident he had just met a car coming from the east and another car was some distance away, also driving towards the west in the north lane of the highway. The defendant was driving at a speed of from 45 to 50 miles per hour. His testimony is that he did not see the Sheets' car until he was 15 feet away from it. Mr. Sheets says that the defendant swung to the north when he was only three or four feet away from the car. As he swung towards the north to avoid hitting the Sheets' car he struck the plaintiff with the right front fender of his truck. The testimony is not clear as to whether the plaintiff was hit by the front of the fender or received a glancing blow. She came to rest on the pavement with her head and shoulders under the left rear part of the Sheets' car near the left hind wheel.

The issues involved present the question of whether there is any competent evidence to show negligence on the part of the defendant; whether the record affirmatively shows that the plaintiff was guilty of contributory negligence as a matter of law; and whether the court committed error in denying the defendant's requested instruc-

tions and failing to instruct the jury on the defendant's defense.

█ The jury having found for the plaintiff, we must accept that version of evidence most favorable to the plaintiff as being the correct one.

█ Negligence and contributory negligence are questions of fact for the jury, and it is only when the evidence is without material conflict, and is such that reasonable men must draw the same conclusion therefrom that the question is one for the court. Moe v. Kettwig, N.D., 68 N.W.2d 853. The evidence in this case shows that the defendant was about to meet a car when the accident took place. He had his lights on dim. Presumably they were in perfect working order. There is no evidence to the contrary. He did not see the Sheets' car until he was within 15 feet of its rear. Regardless of whether the plaintiff was standing 10 or 15 feet behind the Sheets' car or about that distance behind it and about three feet to the north of it, there is no doubt that the defendant, if he had observed the Sheets' car before he was about 15 feet away from it, would also have seen the plaintiff. She was not at any time across the centerline or in the north lane of the highway. The plaintiff had a right to be on the highway if she did not unnecessarily expose herself to danger. Even if we assume that the defendant did not see the taillights on the Sheets' car, if they were in fact burning, the question remains whether or not the defendant, driving on a level highway with his lights in order, on dim, was maintaining a proper lookout. No satisfactory evidence was presented to indicate any reason why the defendant should not have seen the Sheets' car before he was almost upon it. It is negligence to drive a car so fast that you cannot stop within the distance you can see. Axelson v. Jardine, 57 N.D. 524, 223 N.W. 32. If the lights of the defendant's truck did not permit vision beyond 15 feet, it was a question for the jury to determine whether he was using due care or was negligent in driving 45 to 50 miles per hour. If

his lights on dim permitted vision beyond 15 feet, then it became a question for the jury also to determine whether he was in fact maintaining a proper lookout. Under either possibility, it was for the jury to determine from the evidence and fair inferences therefrom whether the defendant at the time of the accident was exercising due care in the operation of his truck or was negligent therein. There is no testimony that he could not see further than 15 feet ahead of his truck with his lights on dim. The testimony is that he did not see the Sheets' car until he was about that distance from it. Because of the defendant's failure to observe the Sheets' car until he was within 15 feet of it, he was no doubt unable to give any warning of his approach. He never saw the plaintiff. However, he felt the impact of his truck against her. He does not know, nor is the testimony clear, whether he applied his brakes prior to hitting her or about that time, or immediately after she was hit.

The act of negligence charged against the plaintiff is that she was in a place of danger; that she did not look, or that if she looked she did not see the approach of the defendant's truck, or paid no heed to it. The plaintiff has no memory of the events surrounding the accident. Her position on the highway is in dispute. The jury has determined that no act of the plaintiff proximately contributed to the accident. It must have taken that view of the evidence which indicates that the plaintiff was not located on the highway in a place of imminent danger and that she had a right to be thereon at the time of the accident.

It is strenuously argued that the physical facts as to the location of the plaintiff after the accident demonstrate that it could not have happened as indicated by the testimony of her witnesses. The evidence is not in agreement as to the plaintiff's position on the pavement after the accident or as to her exact proximity to the Sheets' car. Mr. Sheets did not see her as she was hit. Mr. Volk, one of the witnesses, was perhaps 200 feet away, driving in the north lane and was about to meet the defendant when he observed the accident. It is un-

certain whether the plaintiff was hit by the front part of the right front fender of the defendant's truck or by the side of the fender. She was a living object. No one knows whether or not she was carried forward by the impact. There are many unknown elements involved that make it impossible to conclusively demonstrate from the physical facts that the testimony of her witnesses is not worthy of belief or is incredible.

Where the evidence is in conflict and reasonable men might draw different conclusions therefrom, this court on appeal will disturb neither the verdict of the jury based on such evidence, nor the order of the trial court denying a motion for judgment notwithstanding the verdict, or for a new trial on the ground of insufficiency of evidence. Clark v. Josephson, N.D., 66 N.W.2d 539; Moe v. Kettwig, N.D., 68 N.W.2d 853. When the facts relating to negligence or contributory negligence are not in dispute, and but one inference can reasonably be deduced therefrom, the question of negligence or contributory negligence becomes a question of law for the court. Morrison v. Lee, 16 N.D. 377, 113 N.W. 1025, 13 L.R.A.,N.S., 650; Peterson v. Denevan, 8 Cir., 177 F.2d 411; Moe v. Kettwig, N.D., 68 N.W.2d 853.

The evidence in this case is not of such a nature as to make the issue of contributory negligence one of law for the court. The motions of the defendant for dismissal and directed verdict were properly denied. There was an issue of fact for the jury.

We will next determine whether there was any error involved in recalling defendant's witness Sheets for further cross-examination after the defendant had rested, as is claimed, and further whether it was error to cross-examine him with reference to the offense of reckless driving, and to allow L. A. Koons to testify in rebuttal concerning his conviction and sentence.

Although the defendant asserts that he had rested his case and that Mr. Sheets was recalled by the plaintiff for further cross-

examination thereafter, the transcript of proceedings does not show that the defendant had in fact rested.

■ On the evening of December 14, 1954, the court adjourned the hearing until 9:30 a. m. December 15, 1954. The jury was given the usual caution. When the court reconvened the morning of December 15, Mr. Waldron called Mr. Sheets for further cross-examination. No objection was made thereto by the defendant at the time. We conclude that it was wholly within the discretion of the trial court to allow further cross-examination of Mr. Sheets. The propriety of examination and cross-examination of witnesses and the order in which evidence is presented are matters largely within the sound discretion of the trial court. Mevorah v. Goodman, N.D., 57 N.W.2d 600, and authorities there cited. The action of the court in that connection will not be disturbed in absence of a showing of abuse of discretion. No error was committed by allowing further cross-examination of Mr. Sheets on the morning of December 15th.

On the previous day Mr. Sheets on cross-examination had admitted that he had been charged with some offense which was designated as "following too close" and that he had paid a fine. This evidence was received without objection. Upon further cross-examination the witness was asked:

"Now yesterday I asked you if you had been charged with following too close as a result of this accident between your car and Bjoraa's and you said you were at that time. Now what was the charge? A. Driving too close; you couldn't see nothing.

"Q. Wasn't the charge 'Reckless Driving'? A. I wouldn't know if it was reckless.

"Q. You wouldn't know so yesterday when you answered it was following too closely, you didn't know then either? A. Well I was close.

"Q. Did you know that you had been found guilty of Reckless Driving,

or didn't you? A. I don't know any more now than I did yesterday.

"Q. And at the time that you were found guilty of Reckless Driving as a result of driving into the back of Bjoraa's car, was the coupon which is No. 131994—was that taken from you?

"By Mr. Heringer: Objected to as wholly immaterial.

"By Mr. Waldron: I propose to show the motive.

"By the Court: He may answer.

"A. I wouldn't know that."

■ It will be noted that no objection was made to the foregoing testimony, except the last question, in which it was assumed that Mr. Sheets had been found guilty of reckless driving. In State v. Kent, 5 N.D. 516, 558, 67 N.W. 1052, 1064, 35 L.R.A. 518, this court held that where evidence of a conviction of crime is offered to affect credibility only, the answers of the witness are absolutely conclusive on the party asking. "A witness may be impeached on cross-examination by inquiries as to collateral facts tending to incriminate, disgrace, or degrade him, and, where such an inquiry is as to previous conviction on account of a criminal offense, it is not confined to conviction for felony." State v. Fury, 53 N.D. 333, 205 N.W. 877, Syllabus 4. In this last case a witness for defendant had been asked on cross-examination whether she had not been convicted of a violation of the prohibition law, a misdemeanor. An objection was made and overruled, and the witness required to answer. She admitted the conviction.

■ Here we have the peculiar situation that witness Sheets had neither made an unequivocal admission that he had been convicted of reckless driving, nor had he made a denial thereof. The rule seems to be established in this state that where evidence of facts which are material only because they affect the general credibility of the witness, such as previous convic-

tion of a crime, evil associations and the like, can in general be shown only by cross-examination of the witness, and the examination is concluded by the answers, however false they may be. State v. Malmberg, 14 N.D. 523, 105 N.W. 614; State v. King, 53 N.D. 95, 204 N.W. 969. But see Wigmore on Evidence, Third Edition, Sections 980 to 987, inclusive, with particular reference to Section 987 on pages 605 and 606, note 4, and Section 1005(a), page 661, note 2. See also 58 Am.Jur., Witnesses, Section 751, p. 406. It would have been error over objection to allow cross-examination of witness Sheets as to the nature of the crime of which he had been convicted and the specific details thereof. But in view of all the circumstances the question remains whether this was prejudicial error. The jury had before it the facts of the collision with the rear of the Bjoraa car, which forced it into the ditch. It knew that Sheets had been convicted of some traffic crime and fined. He had admitted as much. No objection had been made to the testimony of Mr. Sheets concerning the details of the charge and its nature until the inquiry was made as to whether or not a coupon of his driver's license had been taken from him. He was further examined concerning the matter, again without objection. Although the witness had never admitted the crime by its name, the jury had before it information as to the crime involved. This was true when Mr. Koons was called in rebuttal. It was error over objection to admit his testimony. But his testimony was not in contradiction of anything that had been said by Sheets, but merely cumulative additional information as to the details. It added nothing to the knowledge that was already in the possession of the jury without objection, except the amount of the fine and costs. Improper impeachment of a witness which does not deprive a party of any substantial right is not grounds for a reversal. In order to warrant a reversal because of allowance of cross-examination respecting collateral matters, it must plainly appear that the ruling resulted in prejudice. 58 Am.Jur., Witnesses, Section 672, page 367; Under-

wood v. Atlantic Elevator Co., 6 N.D. 274, 69 N.W. 185.

A party seeking the reversal of a judgment has the burden of showing that his substantial rights were prejudiced by the ruling of which he complains. Bristol & Sweet Co. v. Skapple, 17 N.D. 271, 115 N.W. 841; State v. Van Horne, 71 N.D. 455, 2 N.W.2d 1. The appellant has the burden not only of showing the error but of showing that the error was prejudicial. Moe v. Kettwig, N.D., 68 N.W.2d 853. Here the witness admitted conviction of a crime. He had admitted that he was fined. While under the law of this state extrinsic evidence contradicting his statements was not admissible, the evidence elicited from Sheets on his further cross-examination, and the evidence of Koons in rebuttal, was merely cumulative and not in contradiction of the witnesses' answers. We cannot see how the defendant, Duchscherer, was prejudiced by the additional details concerning the conviction of witness Sheets. Admitting that the rule is that it is error to cross-examine a witness concerning the conviction of a crime, which is a collateral matter and affects his credibility only, after he has made an admission thereof, and to call in rebuttal a witness to further enlarge upon the facts, we cannot see that the cumulative evidence thus obtained could further prejudice the jury than its previous knowledge of the conviction received without objection.

The next issue for determination is whether the court committed an error in denying the defendant's requested instructions or failed to instruct adequately on the defendant's defense. The trial court marked the five requested instructions as: "given in substance", "given in substance but not in form", or "given in substance without specific reference to pedestrians", or "covered without specific reference to pedestrians."

The first requested instruction was as follows:

"I charge you that a person who knowingly and of his own volition

exposes himself to an obvious danger cannot recover damages for any injury which he might have avoided by use of reasonable care.

"When one, being at a place of safety, sees or could see approach of moving vehicles in close proximity to him and suddenly moves from place of safety into path of such vehicle and is struck, his own conduct constitutes contributory negligence more than slight in degree as a matter of law and precludes recovery."

There is no evidence in the record, unless it be by inference which apparently the jury did not draw therefrom, that the plaintiff knowingly exposed herself to danger, nor is there any evidence to show that she suddenly moved from the place of safety into the path of the vehicle. The requested instruction did not bear properly upon the facts. The court need not instruct upon facts that are not in issue.

The defendant requested the court to give the following instruction:

"I charge you that one who stands upon a highway must exercise reasonable care for his own safety. Reasonable care means that care which a reasonably prudent person would have exercised under the same or similar circumstances. The doctrine of contributory negligence rests upon the principle that one is never absolved from exercising reasonable and ordinary care for his own safety, and cannot thrust all responsibility upon others."

The content of the requested instruction was adequately covered by the instructions given by the court. It said:

"The term or phrase 'contributory negligence' as used in these instructions, is not a question as to whose negligence is more proximate, but whether or not the negligence of the injured party directly contributed to cause the injury. Putting it in other words, the law places upon all persons the duty of exercising ordinary care to avoid injury, and even though the

jury should be satisfied, by a fair preponderance of the evidence, that the defendant was negligent, and that the other party was injured thereby * * yet, if the evidence also shows that the injury would have been avoided by the exercise of ordinary care by the injured party, and that the injured party did not exercise such care and was negligent, and such negligence contributed to cause the injury, the injured party should (would) be guilty of contributory negligence. If you find such contributory negligence, it bars recovery by the party guilty of it."

The other three requests for instructions made by the defendant pertained to the designation of the plaintiff as a "pedestrian". They placed particular emphasis upon her duty of care as such upon entering a place of danger; that she was "bound to take notice of danger incident to public travel on highways, especially where automobiles are constantly passing and repassing"; and as such, "must look out for approaching traffic with such attentiveness and care as to see what is in plain sight". Without determining that the plaintiff was a pedestrian at the time of the accident, these requested instructions were sufficiently covered by the court when it said:

"If the evidence also shows that the injury would have been avoided by the exercise of ordinary care by the injured party, and the injured party did not exercise such care and was negligent, and such negligence contributed to cause the injury, the injured party should (would) be guilty of contributory negligence. If you find such contributory negligence, it bars recovery by the party guilty of it."

"It is the duty of the trial court to fully and fairly instruct the jury on the law governing the issues involved, and each party has a right to request the court to charge on certain matters believed to be involved. The court will not instruct on matters not in issue, even though requested to do so, nor give requested instructions that are erroneous or insufficient; nor is the court

required to charge in the precise language requested by the party." Bagg v. Otter Tail Power Co., 70 N.D. 704, 707, 297 N.W. 774, 776.

This same case also stated:

"It is not necessary to cite authority showing the court may refuse a requested instruction when the matter is already fully and fairly covered by the charge given by the court, even though the requested instruction enunciates correct legal principles." Bagg v. Otter Tail Power Co., supra.

The only argument advanced as error is that the instructions are merely in general terms, and that they should have been more specific to fairly and fully apprise the jury of the defendant's defense and of the duty imposed upon the plaintiff by law. The trial court felt that the requested instructions had been given in substance. The jury was instructed that the plaintiff owed a duty of care; that if she, by her negligence, contributed to the accident, she would be barred from recovery; that if the evidence was equally balanced, the party having the burden of proof on the issue must be regarded as having failed to establish the same; that the law places upon all persons the duty of exercising ordinary care to avoid injury; that if the jury found contributory negligence the guilty party may not recover.

The trial court may properly refuse requested instructions on any or all phases of the case, and refusal thereof does not constitute error, or at most is harmless error, although the requested instructions announce correctly rules of law, applicable to the facts, where the propositions therein stated as far as applicable to the case are substantially and correctly covered by the general charge of the court. 88 C.J.S., Trial, § 399, p. 1088; Peterson v. Bober, N.D., 56 N.W.2d 331; Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644; Reservation Motor Corp. v. Mayer, 77 N.D. 431, 43 N.W.2d 537; McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771; Myers v. Hagert Construction Co., 74 N.D. 435, 23 N.W.2d 29; Griffin v. Implement Dealers Mut. F. Ins. Co., 64 N.D. 146, 250 N.W. 780.

The rule is especially applicable where the requested instructions are merely an amplification or a more detailed restatement of the law and the facts already charged. Capital Transp. Co. v. Alexander, 219 Ark. 419, 242 S.W.2d 833. This is also true where the requested instructions single out and give undue prominence to particular portions of the evidence. Kraft v. Nemeth, 115 Cal.App.2d 50, 251 P.2d 355. While it would no doubt have been permissible for the trial court to have more specifically instructed with reference to the duty of care placed upon the plaintiff under the facts and circumstances, the law had been covered in substance, and the mere failure to particularly point out the facts relating to the situation of the plaintiff is not prejudicial error. The court had correctly stated the law to guide the jury in its deliberation upon the facts that had been presented to it.

There is no merit to specification that plaintiff had failed to prove that portion of her complaint, "that plaintiff was standing on the south side of the road observing the damaged automobile which said automobile was parked on the south edge of the road facing east." There is no proof in the record that the plaintiff was in the north lane of the road. The stalled automobile of Mr. Sheets was in the south lane, partly on and partly off the highway. The jury must have found, as indicated by its verdict, that the plaintiff was not negligent, that she was in the south lane of the highway and the pleading referred to indicates that the phrase "south side of the road" has reference to the south lane thereof.

We find no prejudicial error in the record of the trial of this case. The motion for judgment notwithstanding the verdict or in the alternative for a new trial was properly denied. The judgment and the order denying the motion for judgment notwithstanding the verdict or in the alternative for a new trial are affirmed.

BURKE, C. J., and SATHRE, MORRIS, and GRIMSON, JJ., concur.